IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GRACE AND NAEEM UDDIN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-345C |
| | ) | (Senior Judge Bruggink) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint filed by Grace and Naeem Uddin, Inc., ("GNU”), defendant, the United States of America, admits, denies and alleges as follows:

The preamble paragraph at the beginning of plaintiff’s complaint contains no allegations that require an answer; to the extent this paragraph may be deemed to contain allegations of fact, they are denied.

1. The allegations contained in paragraph 1 constitute plaintiff’s characterization of its lawsuit that require no answer; to the extent they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 constitute plaintiff’s characterization of its lawsuit to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

3. The allegations contained in paragraph 3 constitute conclusions of law that require no answer; to the extent those allegations may be deemed allegations of fact, they are denied.

4. Denies the allegations in paragraph 4 for lack of information or knowledge sufficient to form a belief as to their truth.

5. The allegations contained in paragraph 5 constitute conclusions of law that require no answer; to the extent those allegations may be deemed allegations of fact, they are denied.

6. The allegations contained in paragraph 6 constitute conclusions of law that require no answer; to the extent those allegations may be deemed allegations of fact, they are denied.

7. Denies the allegations in paragraph 7 for lack of information or knowledge sufficient to form a belief as to their truth.

8. Defendant hereby incorporates its answers to paragraphs 1-7 of the complaint.

9. Admits the allegations in paragraph 9 to the extent supported by the contract agreement cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 9.

10. Admits the allegation contained in the first sentence of paragraph 10 that defendant administered the contract pursuant to the Federal Acquisition Regulations; otherwise, denies the allegations contained in the first sentence of paragraph 10. Admits the allegation contained in the second sentence of paragraph 10 that defendant possesses a copy of the FAR; otherwise, denies the remaining allegations contained in the second sentence of paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 11.

12. Denies.

13. Admits the allegation contained in paragraph 13 that GNU raised issues relating to the plans and specifications in a meeting with the USDA and Jacobs Facilities, Inc., the Project Architect; otherwise, denies the allegations contained in paragraph 13.

14. Denies.

15. Denies. Avers that GNU was required to hire a window system consultant pursuant to the contract specification requirements.

16. Admits.

17. Denies. Avers that the contract required GNU to seek approval from Miami-Dade County for the selected window system.

18. Denies.

19. Denies.

20. Denies.

21. Denies.

22. Admits the allegations contained in the first sentence of paragraph 22 to the extent supported by the Request for Change Order cited, which is the best evidence of its contents; otherwise, denies the allegations in the first sentence of paragraph 22. Admits the allegations contained in the second sentence of paragraph 22.

23. Defendant notes that there is no paragraph numbered 23 in plaintiff's complaint.

24. Admits.

25. Admits the allegation contained in the first sentence of paragraph 25 that USDA responded to GNU's change request on or about April 29, 2005; denies the remaining allegations contained in the first sentence of paragraph 25. Admits the allegations contained in the second and third sentences of paragraph 25.

26. Denies.

27. Denies the allegation in the first sentence of paragraph 27 that there was a wrongful termination; denies the remaining allegations in paragraph 27 for lack of information or knowledge sufficient to form a belief as to their truth.

28. Denies.

29. Denies.

30. Denies.

31. Denies.

32. Denies.

33. Denies.

34. Admits the allegation contained in paragraph 34 that the plans and specifications did not specify how GNU was to supply power to the lift stations; denies the remaining allegations contained in paragraph 34.

35. Denies.

36. Denies.

37. Denies.

38. Denies.

39. Denies.

40. Denies.

41. Admits the allegation contained in paragraph 41 that the contracting officer terminated GNU from the Project on or about August 2, 2005; denies the remaining allegations in paragraph 41.

42. Denies.

43. Denies.

44. Denies.

45. Admits the allegations contained in paragraph 45 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 45.

46. Denies.

47. Denies.

48. Denies.

49. Admits the allegations in the first sentence of paragraph 49 to the extent supported by the agreement cited; otherwise, denies the allegations contained in the first sentence of paragraph 49. Denies the allegations in the second and third sentences of paragraph 49.

50. The allegations in the first sentence of paragraph 50 constitute conclusions of law that require no answer; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations in the second sentence of paragraph 50 for lack of information or knowledge sufficient to form a belief as to their truth.

51. Admits.

52. Admits.

53. Admits.

54. Denies the allegations in paragraph 54 for lack of information or knowledge sufficient to form a belief as to their truth.

55. Denies.

56. Denies.

57. Denies.

58. Denies.

59. The allegations in paragraph 59 constitute conclusions of law that require no answer; to the extent the allegations in paragraph 59 may be deemed allegations of fact, they are denied.

60. Denies.

61. Denies that plaintiff is entitled to any of the relief set forth in the prayer for relief immediately following paragraph 60, or to any relief whatsoever.

62. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed with prejudice, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

/s/Gregory T. Jaeger
GREGORY T. JAEGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
(202) 353-7955

August 11, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on August 11, 2006, a copy of the foregoing "DEFENDANT'S ANSWER” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Gregory T. Jaeger