IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GRACE AND NAEEM UDDIN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-345C |
| | ) | (Senior Judge Bruggink) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

# JOINT PRELIMINARY STATUS REPORT

Pursuant to Section III, Appendix A, of the Rules of the United States Court of Federal Claims ("RCFC"), the parties respectfully report as follows:

a. Jurisdiction: Plaintiff, Grace and Naeem Uddin, Inc. ("GNU"), states that the Court possesses jurisdiction to consider its lawsuit. At present, defendant, the United States, has identified no basis to challenge the Court's jurisdiction.

b. Consolidation: The parties believe that this case need not be consolidated with any other case.

c. Bifurcation: GNU states that bifurcation is unnecessary.

At present, the Government also believes that bifurcation is unnecessary. The Government notes, however, that bifurcation of liability and damages may become appropriate at a later time, depending upon the issues that present themselves for trial.

d. Deferral: The parties do not believe that further proceedings in this action should be deferred pending consideration of another case before this Court or any other tribunal.

e. Remand/Suspension: The parties do not intend to request a remand or a suspension in this case.

f. Additional Parties: The parties do not anticipate joining any additional parties to this lawsuit. GNU states, however, that if discovery reveals enforceable liability against the architect, GNU may join as a third party the firm Jacobs Facilities, Inc.

g. Dispositive Motions: GNU does not intend to file a dispositive motion pursuant to RCFC 12(b), 12(c), or 56 at this time. GNU reserves the right to file a motion pursuant to Rule 56 pending discovery.

At present, the Government is not in a position to determine if it will file a dispositive motion, but will consider such a motion after discovery is completed, if the evidence warrants.

h. Relevant Factual And Legal Issues:

GNU's Statement of Relevant Factual and Legal Issues

The United States, by and through its Department of Agriculture, awarded a contract to GNU whereby GNU would perform work as the general contractor during the construction of the Subtropical Horticulture Research Center in Miami, Florida. GNU performed work as the general contractor until GNU was terminated for default by the United States on August 2, 2005. GNU believes it was wrongfully terminated for default. The relevant factual and legal issues are whether the United States breached its contract with GNU, and more specifically, whether the United States:

i. wrongfully denied change orders;

ii. provided plans and specifications that were deficient;

iii. failed to respond in a timely manner to GNU's requests for information;

iv. failed to consider a letter sent on July 27, 2006 by counsel for GNU that detailed GNU's progress up to that date;

v. failed to consider wrongfully denied change orders prior to finding GNU in default; and

vi. wrongfully terminated GNU for default.

The Government's Statement of Relevant Factual and Legal Issues

GNU entered into Contract No. 50-3K15-3-3600 ("the contract") with the Department of Agriculture, Agricultural Research Service ("USDA" or "the agency"), on October 1, 2003. The contract required the construction of the Subtropical Horticultural Research Center, the demolition of septic tanks and drain fields, and the renovation of an existing building.

During performance of the contract, GNU fell behind the approved schedule and failed to make progress beyond a 50 percent completion status, which it reached in November 2004. In addition, GNU failed to make progress to ensure completion within the approved schedule, failed to deliver supplies or perform services on schedule, failed to negotiate costs for proposed changes, ignored work instructions, and failed to pay subcontractors.

In response to these deficiencies in performance, the USDA issued a cure notice in April 2005. In its response to the cure notice, GNU failed to establish why it should not be terminated for default. The agency issued a show cause notice in July 2005. GNU failed to respond timely to this notice. Accordingly, the USDA terminated GNU for default on August 2, 2005. After USDA terminated GNU for default, the surety executed a takeover agreement and is completing the work required by the contract.

The Government states that the relevant legal issues are:

1. Whether the contracting officer's termination for default decision should be sustained.

2. Whether the USDA breached the contract through the actions alleged by plaintiff.

3. If the USDA breached the contract, did that breach cause plaintiff to incur any compensable damages and, if so, what is the amount of those damages?

i. Settlement/ADR: The parties have discussed settlement, including the use of ADR proceedings, and intend to continue informal discussions as the litigation proceeds. At this time, however, the parties cannot state whether ADR or settlement is likely to occur.

j. Trial Status: At present, if the case cannot be resolved by dispositive motions or settlement, the parties intend to proceed to trial. The parties believe that expedited trial scheduling is not necessary for this case. Plaintiff states that the trial, if any, should be conducted in Miami, Florida. Defendant states that the trial, if any, should be held in either Washington, D.C. or Miami, Florida.

k. Electronic Case Management: At this time, the parties are aware of no special issues regarding electronic case management needs.

l. Additional Information: Neither GNU nor the Government is aware of any additional information of which the Court should be notified.

PROPOSED DISCOVERY PLAN

The parties propose the following discovery schedule:

| | |
|---|---|
| Deadline for Completion of Written Discovery | February 9, 2007 |
| Deadline for Completion of Fact Discovery | April 9, 2007 |
| Deadline for Expert Disclosures Pursuant to RCFC 26(a) | May 9, 2007 |
| Close of All Discovery | August 1, 2007 |

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ David R. Elder
DAVID R. ELDER
Elder & Lewis, PC
Bayview Executive Plaza, Suite 301
3225 Aviation Avenue
Coconut Grove, FLA 33133
Tele: (786) 314-5155
Fax: (503) 314-5811

October 16, 2006

/s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

/s/ Gregory T. Jaeger
GREGORY T. JAEGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
(202) 353-7955

Attorneys for Defendant

October 16, 2006

CERTIFICATE OF FILING

I hereby certify that on October 16, 2006, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Gregory T. Jaeger