IN THE UNITED STATES COURT OF FEDERAL CLAIMS

CASE NO.: 06-345-C

GRACE AND NAEEM UDDIN INC., JUDGE: ERIC G. BRUGGINK

Plaintiff,

v.

THE UNITED STATES,

Defendant.

_____________________________________/

**PLAINTIFF, GRACE AND NAEEM UDDIN, INC.'S FIRST REQUEST FOR PRODUCTION**

Plaintiff, GRACE AND NAEEM UDDIN, INC., (hereinafter "GNU"), by and through undersigned counsel, pursuant to RCFC 34 requests Defendant, THE UNITED STATES by and through the UNITED STATES DEPARTMENT OF AGRICULTURE, (hereinafter "USDA") to produce for inspection and copying, in response to each numbered paragraph in Schedule "A", all documents specified therein which are in your possession, custody or control, or in the possession, custody or control of your agents, attorneys or accountants. You are requested to make such production within thirty (30) days, in accordance with the Rules of The United States Court of Federal Claims.

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that on this _____ day of June 2007, a true and correct copy of “PLAINTIFF’S REQUEST FOR PRODUCTION” was sent via U.S. Mail, to:

Armando Rodriguez-Feo
Trial Attorney, Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

/s
______________________________
DAVID R. ELDER

**CERTIFICATE OF FILING**

**I HEREBY CERTIFY** that on June 13, 2007, a copy of the foregoing "REQUEST FOR PRODUCTION" was filed electronically. I understand that notice of filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

ELDER & LEWIS, P.A.
Attorneys for Defendant
Bayview Executive Plaza
3225 Aviation Avenue,
Suite 301
Coconut Grove, FL 33133
(786) 314-5155 Phone
(786) 314-5811 Fax

/S
By:________________________________
DAVID R. ELDER
FLA. BAR NO. 272442
PETER B. ROWELL
FLA. BAR NO. 017600

## DEFINITIONS AND INSTRUCTIONS

1. The terms “you” or “your” mean the party or parties to which these interrogatories are addressed, including any divisions, departments, parents, subsidiaries, affiliates, predecessors, partners, present or former officers, directors, owners, agents, accountants, attorneys, and all other persons acting or purporting to act on your behalf.

2. The term “person” means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons or other entity.

3. The term “document” means any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, e-mails, meetings or other communications, intra-office and interoffice telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, proposals, purchase orders, work orders, plans, designs, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, written sales proposals, statements, transcripts, statistics, surveys, magazine articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing) graphic or aural records or representations of any kind (including, without limitation, photographs, microfiche, microfilm, videotape, records and motion pictures) and electronic, mechanical or electric records or representations of any kind (including, without limitation, tapes, cassettes, disks and records).

4. The term “all documents” means every document or group of documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

5. The term “communication” means any oral or written

statement, dialogue, colloquialism, discussion, conversation, agreement, or expression of any kind.

6. The term “all communications” means each and every communication as above defined that is known to you or about which you have any information.

7. As used herein the singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neuter shall include each of the other genders.

8. The term “GNU” means GRACE & NAEEM UDDIN, INC. including their present and former officers, directors, principals, agents, employees, accountants, attorneys, independent contractors, parents, subsidiaries, divisions, and affiliates, and their respective present and former officers, directors, principals, agents, employees, and independent contractors.

9. The term “CAROLINA” means CAROLINA CASUALTY including their present and former officers, directors, principals, agents, employees, accountants, attorneys, independents contractors, parents, subsidiaries, divisions, and affiliates, and their respective present and former officers, directors, principals, agents, employees, and independent contractors.

10. The term “USDA” means UNITED STATES, by and through its DEPARTMENT OF AGRICULTURE including their present and former officers, directors, principals, agents, employees, accountants, attorneys, independent contractors, parents, subsidiaries, divisions, and affiliates, and their respective present and former officers, directors, principals, agents, employees, and independent contractors.

11. The term “JACOBS” means JACOBS FACILITIES, INC., including their present and former officers, directors, principals, agents, employees, accountants, attorneys, independent contractors, parents, subsidiaries, divisions, and affiliates, and their respective present and former officers, directors, principals, agents, employees, and independent contractors.

12. The term “A2 GROUP or A2” means A2 GROUP INC., including their present and former officers, directors, principals, agents, employees, accountants, attorneys, independent contractors, parents, subsidiaries, divisions, and

affiliates, and their respective present and former officers, directors, principals, agents, employees, and independent contractors.

13. The term "Project" means the Subtropical Horticultural Research Center located at 13601 Old Cutler Road in Miami, Florida.

14. The term "Action" means the lawsuit filed by GNU against the USDA.

15. The term "refer or relate" as used in this request, means reflecting, evidencing, regarding, pertaining to, consisting of, indicating, concerning or in any way logically or factually connected with the matter discussed.

16. When producing documents, please keep all documents segregated by the file in which the documents are contained and indicate the name of the file in which the documents are contained and the name of the documents being produced.

17. In the event such file(s) or document(s) has (have) been removed for the purposes of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each sub-file, if any, maintained within the file, and the present location of the file.

If you choose to withhold any documents or portions of any documents from inspection and copying on the ground of privilege or the like, it is requested that you identify the nature of the privilege (including work product) that is being asserted, and identify: (i) the type of document withheld; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum including the author of the document, the addressee of the document and the relationship of the author and addressee to each other.

**SCHEDULE "A"**

1. Any and all correspondence, e-mails, faxes, notices, reports, evaluations, memoranda, and any other related documents between the USDA and any design professional or consulting firm, including, but not limited to JACOBS, in connection with or related to the project, not produced pursuant to USDA's Initial Disclosures.

2. The takeover agreement between the USDA and CAROLINA including any and all modifications, addenda and/or changes to the agreement.

3. Any and all correspondence, e-mails, faxes, notices, reports, evaluations, memoranda, and any other related documents between USDA, CAROLINA and its representatives on the Project regarding the completion work performed by A2 Group or any other completion contractor on the Project, not produced pursuant to USDA's Initial Disclosures.

4. Any and all non-privileged, interoffice communications including, but not limited to, letters, emails, faxes, interoffice memoranda, reports, evaluations and any other related documents regarding the performance of GNU on the Project both prior to and subsequent to GNU's termination from the Project, not produced pursuant to USDA's Initial Disclosures.

5. Any and all, non-privileged, interoffice communications including, but not limited to, letters, emails, faxes, interoffice memoranda, reports, evaluations and any other related documents regarding the performance of JACOBS on the Project both prior to and subsequent to GNU's termination from the Project, not produced pursuant to USDA's Initial Disclosures.

6. Any and all contracts, agreements, addenda, modifications, or supplements to agreements between the USDA and JACOBS for both design and supervision of the Project.

7. Any and all, non-privileged, interoffice communications including, but not limited to, letters, emails, faxes, interoffice memoranda, reports, evaluations and another other related documents regarding the performance of the

completion contractor, A2 Group, on the Project subsequent to GNU’s termination from the Project.

8. Any and all change orders, requested change orders, modifications, and related documents regarding the contract between A2 Group and USDA for completion work on the Project, not produced pursuant to USDA’s Initial Disclosures.

9. Any and all photographs, aerial photographs, videotapes, slides, films, or any other related documents regarding the Project.

10. Any and all daily job logs, weekly reports, or monthly reports prepared by the USDA and/or JACOBS for the Project, not produced pursuant to USDA’s Initial Disclosures.

11. Any and all correspondence, e-mails, faxes, notices, reports, evaluations, memoranda, and any other related documents between USDA and any inspector(s) hired or otherwise retained by the USDA regarding GNU’s performance on the Project, not produced pursuant to USDA’s Initial Disclosures.

12. Any and all requests for change orders, approved change orders, memoranda, email, evaluations, charts, graphs, analyses, letters and similar documents related to any change order(s) in regard to the Project, not produced pursuant to USDA’s Initial Disclosures.

13. Any and all correspondence, e-mails, faxes, shop drawings, plans, change orders, notices, reports, evaluations, memoranda, and any other related documents between USDA and any entity, regarding the windows of the Project, not produced pursuant to USDA’s Initial Disclosures.

14. Any and all daily job logs, weekly reports, or monthly reports prepared by the A2 Group regarding completion work on the Project, not produced pursuant to USDA’s Initial Disclosures.

15. Any and all Project meeting minutes, meeting reports, meeting summaries, meeting minute drafts, or related documents regarding the Project subsequent to GNU’s termination.

16. Any and all shop drawings, revisions to plans, supplemental plans or related documents with regard to the Project subsequent to GNU’s termination.

17. Any and all payment requisitions, invoices, billing statements or related documents from A2 Group to USDA or JACOBS regarding work performed on the Project subsequent to the termination of GNU.

18. Any and all documentation related to the scheduling of A2 Group's completion work on the Project, including but not limited to, time impact analyses, Project scheduling reports, scheduling data, primavera reports, correspondence, charts and/or similar documentation.

19. Any and all documentation created by or on behalf of the USDA related to the scheduling GNU's work on the Project, including but not limited to, Project scheduling reports, scheduling data, primavera reports, evaluations, time impact analysis of similar documents, memoranda correspondence, charts and/or similar documentation.