IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GRACE AND NAEEM UDDIN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-345C |
| v. | ) | (Senior Judge Bruggink) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS**

Defendant, the United States, respectfully requests that the Court dismiss the complaint filed by plaintiff, Grace and Naeem Uddin, Inc. ("GNU"), for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), because, in the complaint, GNU only seeks money damages for which no proper claim was ever made, and fails to specifically request any relief regarding the Government's termination for default of its contract. Alternatively, should the Court construe that GNU has sufficiently raised the issue for this Court to exercise jurisdiction over the contracting officer's decision to terminate GNU for default, the United States requests that this Court dismiss those portions asserting money claims because GNU did not file proper claims with the contracting officer. In support of this motion, we rely upon the complaint filed by GNU, the exhibits attached thereto, and the following brief.

## DEFENDANT'S BRIEF

## STATEMENT OF THE ISSUES

1. Whether the Court should dismiss the complaint for lack of subject matter jurisdiction because the sole relief sought in the complaint is money damages, which this Court lacks jurisdiction to grant because GNU has failed to comply with the mandatory exhaustion requirements of the Contract Disputes Act.

2. Assuming that GNU's complaint can be interpreted as a pleading seeking the non-monetary relief of conversion of the Government's termination for default of its contract to a termination for convenience, whether the Court should partially dismiss the complaint to eliminate all of GNU's claims for monetary relief.

## STATEMENT OF THE CASE

The United States Department of Agriculture ("USDA") and GNU entered into a contract on October 1, 2003, for the construction of the Subtropical Horticulture Research Center ("Contract"). Pl. Comp. at 2. On August 2, 2005, the Government terminated GNU's contract for default because GNU had shown consistent failure to abide by direction, contract specifications, construction schedule, project coordination, quality control, soil control, agreements of the parties, punctuality, administrative work, payments to subcontractors, and the

contracting officer's authority.

GNU alleges that the "plans and specifications were deficient with respect to numerous aspects of the Project." Pl. Comp. at 3. With regard to the project window system, GNU submitted a request for a change order for a time extension of 149 days and additional money for increased costs. Pl. Comp. at 4. The USDA denied GNU's request for a change order relating to the window system and informed GNU that its request was not a claim:

> RCO-34 and NOC-003, received February 8, 2005, in the amount of $356,660, is *denied*.
>
> You are referred to Federal Acquisition Regulation (FAR) 52.233-1, Disputes, for claim filing procedures, if the Government's position on this issue is to be disputed. A claim by the Contractor must be in writing. You are reminded that a written demand or written assertion by the Contractor seeking the payment of money *exceeding* $100,000, is not a claim under the Act until *certified.*

Pl. Comp. at 5 (emphasis in original). GNU alleges that the Government "materially breached the [Contract] by failing to approve GNU's change request." Pl. Comp. at 5. GNU admits that it did not submit a certified claim relating to its requested time extension of 149 days or the alleged increased cost of $356,660. Pl. Comp. at 5. However, GNU does note that it "is prepared and will submit a certified claim in accordance with [Federal Acquisition Regulation] Section 52.233-1." Pl. Comp. at 5.

GNU also alleges that the plans and specifications were deficient regarding the following aspects of the project: (1) the roof system; (2) the roof deck design; (3) the acid piping; (4) power to the lift station; (5) the layout of sewer mains; and (6) the finish floor elevation. Pl. Comp. at 5-6. GNU alleges that it requested a time extension of 347 days due to the allegedly deficient plans and specifications. Pl. Comp. at 7. GNU does not allege that it submitted a money claim to the contracting officer in connection with these issues.

GNU states that its "total damages are not quantifiable at this time." Pl. Comp. at 10. GNU alleges that "[a]t the time of the termination [it] was owed $275,804.48 for work in place" and seeks judgment in that amount, plus interest, costs, attorney fees, and other relief. Pl. Comp. at 10. GNU does not allege that it even submitted a certified claim to the contracting officer for the $275,804.48 it alleges the Government owes.

Finally, GNU generally alleges that the USDA's "failure to approve time extension requests and change order requests, the decision to terminate GNU and the inapplicable grounds for termination are all material breaches of the contract." Pl. Comp. at 9. GNU does not allege that it submitted any money claims relating to extensions of time or change order requests, nor, in its complaint, does GNU specifically request that this Court convert the termination for default to a

termination for convenience of the Government. Such a request is notably absent from its prayer for relief which only seeks money damages of $275,804.48 (for work purportedly completed), plus any money that it is required to pay to its surety, Carolina Casualty of America, plus attorney fees.

## ARGUMENT

I. Standard Of Review

The threshold question presented by every case brought before the Federal courts is whether the Court possesses jurisdiction to hear it. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). Federal courts are courts of limited jurisdiction which may exercise only those powers authorized by the Constitution and statutes. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). The Court of Federal Claims is a court of "exceedingly limited" statutory jurisdiction. Shelleman v. United States, 9 Cl. Ct. 452, 455 (1986). As such, "the jurisdiction of the Court of Federal Claims . . . is prescribed by the metes and bounds of the United States' consent to be sued in its waiver of immunity." RHI Holdings, Inc. v. United States, 142 F.3d 1459, 1461 (Fed. Cir. 1998) (citing United States v. Sherwood, 312 U.S. 584, 586 (1941)).

Subject matter jurisdiction may be challenged at any time by the parties, by the Court sua sponte, or on appeal. Booth v. United States, 990 F.2d 617, 620

(Fed. Cir. 1993) (citing United States v. Newport News Shipbuilding & Dry Dock Co., 993 F.2d 996, 998 n.1 (Fed. Cir. 1991)). Once challenged by the court or the opposing party, the plaintiff bears the burden of establishing jurisdiction. McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936); Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir. 2002). A plaintiff must establish jurisdiction by a preponderance of the evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988) (citing Zunamon v. Brown, 418 F.2d 883, 886 (8th Cir. 1969)). If the defendant challenges jurisdiction, however, the plaintiff cannot merely rely upon allegations in the complaint, but must instead bring forth relevant, competent proof to establish jurisdiction by a preponderance of the evidence. McNutt, 298 U.S. at 189; see also Taylor, 303 F.3d at 1359; Reynolds, 846 F.2d at 747; Catellus Dev. Corp. v. United States, 31 Fed. Cl. 399, 404-405 (1994). The Court may consider all relevant evidence in order to resolve the factual dispute, including evidentiary matters outside the pleadings. Indium Corp. of America v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed. Cir. 1985).

II. The Court Should Dismiss GNU's Complaint For Lack Of Subject Matter Jurisdiction Because The Sole Relief Sought In The Complaint Is Monetary Damages, Which This Court Lacks Jurisdiction To Grant Because GNU Has Failed to Comply With The Mandatory Exhaustion Requirements Of The Contract Disputes Act

In its complaint, GNU alleges a single count of "breach of contract," pursuant to which it requests that the Court award it money damages for $275,804.48 that it alleges it was owed at the time the contract was terminated for default, plus an undetermined amount for any money that it is (or may be) required to pay to its surety, Carolina Casualty of America, plus attorney fees in this action. Although GNU frequently references the Government's termination of its contract in connection with its money claims, nowhere in its complaint does GNU explicitly request any relief from the Court regarding the termination for default as a stand-alone issue. Notably, GNU does not request that the Court issue a judgment that requires that the Government convert the termination for default into a termination for the convenience of the Government.

Although the Tucker Act, 28 U.S.C. § 1491, generally permits this Court to exercise jurisdiction over a contractor's complaint that seeks only declaratory and injunctive relief (and which does not seek money damages) in connection with the Government's termination for default of a contract, it would seem that GNU does not seek such relief here. Because GNU's claims for money damages are not, as

we demonstrate below, within this Court's jurisdiction, the Court's dismissal of GNU's money claims would, in essence, constitute the dismissal of GNU's entire complaint. As such, in this motion, we request dismissal of the complaint. In the alternative, should the Court conclude that GNU's complaint does (as contemplated by RCFC 8(a)) seek the relief of conversion of the termination for default, the Court should still partially dismiss GNU's complaint to remove all of GNU's money claims.

A. Pursuant To The CDA, A Contractor Claim Must Be Submitted To The Contracting Officer For A Final Decision, And, Where The Claim Exceeds $100,000, It Must Be Certified By A Person Authorized To Bind The Contractor

The jurisdiction of the Court of Federal Claims is limited to congressional waivers of sovereign immunity such as through the Tucker Act. Edelmann v. United States, 76 Fed. Cl. 376, 379 (2007). The Tucker Act provides in relevant part:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (emphasis added). The Tucker Act itself does not create a right of action against the United States; "[t]herefore, in order to come within the

jurisdictional reach of the Tucker Act, a plaintiff must identify and plead a constitutional provision, federal statute, independent contractual relationship, and/or executive agency regulation that provides a substantive right to money damages." Sarang Corp. v. United States, __ Fed. Cl. __, 2007 U.S. Claims LEXIS 156, at *13 (May 25, 2007) (citing Todd v. United States, 386 F.3d 1091, 1094 (Fed. Cir. 2004)).

Where the plaintiff's claim is based upon a contract with the Government that is subject to the Contract Disputes Act ("CDA"), that statute requires that the plaintiff comply with the mandatory exhaustion requirements "by first submitting a 'claim' to and obtaining a 'final decision' from the contracting officer." Id. (citing 41 U.S.C. § 605(a)). A "claim" is a "written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract." 48 C.F.R. § 2.101. Furthermore, a "claim," for the purposes of the CDA, is more than an invoice that is undisputed when submitted. 48 C.F.R. § 2.101 ("A voucher, invoice, or other routine request for payment that is not in dispute when submitted is not a claim."). And if the claim exceeds $100,000, the contractor must also certify it in accordance with the CDA. See 41 U.S.C. § 605(c)(1).

The United States Court of Appeals for the Federal Circuit has enforced the strict limits of the CDA as jurisdictional prerequisites to any suit in the Court of Federal Claims, and has held that this Court lacks jurisdiction to entertain an action unless the contractor's claim is first presented to the contracting officer. Sarang Corp., 2007 U.S. Claims LEXIS 156, at *18 (internal quotations and citations omitted).

B. GNU Never Submitted A Claim To The Contracting Officer In Connection With Any Of The Matters Raised In Its Complaint

GNU alleges that the USDA breached the contract by issuing defective specifications, failing to approve requests for extensions of time, failing to approve change order requests, and terminating GNU. Pl. Comp. at 5-7. In this case, GNU did not present any claims to the contracting officer, nor did it certify its purported claims that were in excess of $100,000. Accordingly, GNU's money claims before this Court must be dismissed. See Pl. Comp. at ¶¶ 26-27; Pl. Comp., Exhibit E at 6; Scan-Tech Sec. v. United States, 46 Fed. Cl. 326 (2000) (analyzing what constitutes a certified claim under the CDA).

GNU's window system claim stems from its request for a change order for a time extension of 149 days and additional costs in the amount of $356,660. Pl. Comp. at ¶¶ 14-27. The change order request, reproduced in GNU's Exhibit A, does not constitute a proper claim, nor does it contain the requisite certification.

See 48 C.F.R. § 52.233-1; Scan-Tech Sec., 46 Fed. Cl. at 334-340. The complaint contains no allegations that GNU submitted any other claim, certified or otherwise, for defective specifications related to the window system. In fact, GNU readily admits in its complaint that it did not submit a certified claim on this issue or for the $356,660 of damages allegedly incurred. Pl. Comp. at ¶¶ 26-27. In other words, by GNU's own terms it failed "one of the CDA's basic minimum requirements"—the submission of at least a defective, yet curable, certification. See Scan-Tech Sec., 46 Fed. Cl. at 340. Thus, the Court lacks subject matter jurisdiction to entertain this particular aspect of Count I because GNU has not submitted any claim and, admittedly, failed to certify what it (erroneously) believes to be a claim. See id., 46 Fed. Cl. at 339; Kiewit Constr. Co. v. United States, 56 Fed. Cl. 414, 419-421 (2003) (Court lacked subject matter jurisdiction over defective specifications claim because plaintiff never filed a certified claim alleging that defective specifications led to the unexpected costs). Accordingly, this Court should dismiss GNU's claims for money and requests for contract adjustment relating to the window system because those claims were never properly made to the contracting officer or certified.

GNU also fails to allege that it submitted CDA claims for alleged design specification deficiencies related to: (1) the roof system; (2) the roof deck design;

(3) acid piping; (4) power to the lift stations; (5) the layout of the sewer mains; or (6) the finish floor elevation. Pl. Comp. at ¶¶ 28-40. Again, GNU failed to comply with the mandatory exhaustion requirements of the CDA with respect to these matters. In fact, in correspondence with the Government, GNU admits that it did not submit any certified claims related to these issues. See Pl. Comp., Exhibit E at 6. Thus, the Court does not possess jurisdiction to consider these unspecified money claims or requests for contract adjustments because they were not properly presented to the contracting officer or certified. See 48 C.F.R. § 52.233-1; Scan-Tech Sec., 46 Fed. Cl. at 339; Kiewit Constr. Co., 56 Fed. Cl. at 419-421.

GNU seeks unspecified money damages, resulting from the takeover agreement between the Government and Carolina Casualty of America, for which it, again, never submitted a claim to the contracting officer. Pl. Comp. at ¶¶ 45-59. As such, these alleged damages should be dismissed as well. See 48 C.F.R. § 52.233-1; Scan-Tech Sec., 46 Fed. Cl. at 339; Kiewit Constr. Co., 56 Fed. Cl. at 419-421; Armour of America v. United States, 69 Fed. Cl. 587, 592 (2006).

Lastly, GNU alleges that it is owed $275,804.48 for work in place at the time of termination and, in part, requests this amount as relief for Count I, breach of contract. In its complaint, GNU does not even allege that it submitted a certified

claim. Instead, GNU relies on Exhibit I[1] of its complaint to support its assertion that it submitted a claim for $275,804.48. Pl. Comp. at ¶ 60. This document was not a claim. See 48 C.F.R. 52.233-1. As stated earlier, a claim requires a demand for a sum certain and, if over $100,000, must be certified. Id. See also Scan-Tech Sec., 46 Fed. Cl. at 339; Kiewit Constr. Co., 56 Fed. Cl. at 419-421; Armour of America, 69 Fed. Cl. at 592. Accordingly, this amount, sought by GNU in its prayer for relief, should also be dismissed.

## CONCLUSION

For the foregoing reasons, the Court should dismiss GNU's entire complaint for lack of subject matter jurisdiction, or, in the alternative, partially dismiss GNU's complaint to eliminate GNU's claims for monetary relief.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

[1] Exhibit I refers to the document attached to GNU's complaint entitled "Contractor's Request For Payment Transmittal."

OF COUNSEL

MARK G. GARRETT
United States Department of Agriculture
Attorney-Advisor
14th and Independence Avenue, S.W.
Washington, D.C. 20250-1415

/s/ Armando A. Rodriguez-Feo
ARMANDO A. RODRIGUEZ-FEO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor,
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-3390
Fax: (202) 514-8624

Attorneys for Defendant

June 22, 2007

CERTIFICATE OF FILING

I hereby certify that on June 22, 2007, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Armando Rodriguez-Feo