# In the United States Court of Federal Claims

No. 06-345C
(Filed: July 18, 2007)

* * * * * * * * * * * * * * * * * * * * * * *
GRACE AND NAEEM UDDIN, INC.,

*Plaintiffs*,

v.

UNITED STATES,

*Defendant*.
* * * * * * * * * * * * * * * * * * * * * * *

ORDER

This is an action appealing the termination for default of plaintiff's contract with the government and for various elements of monetary relief. Pending is defendant's motion to dismiss for lack of jurisdiction, motion to stay discovery, and motion for an extension of time to respond to plaintiff's first request for production of documents. Pursuant to the court's order of July 10, 2007, all pending motions and discovery obligations were stayed pending further order from the court. Before plaintiff submitted a written response to the motion to dismiss, the court held a conference call with the parties on July 17, 2007 to discuss the issues raised in the motion.

The Contracts Disputes Act provides a right of action in this court, under the Tucker Act, over decisions of the contracting officer on government or contractor claims. *See* 41 U.S.C. § 609(a). Thus, a decision by the contracting officer on a claim is a prerequisite to jurisdiction. Defendant argues that there are no decisions from the contracting officer with respect to plaintiff's monetary claims, nor has plaintiff submitted a "claim" (as required by 41 U.S.C. § 605) to the contracting officer for a decision. For this reason, defendant believes all of plaintiff's monetary claims in the complaint should be dismissed for lack of jurisdiction. As discussed during the conference call held July 17, 2007, plaintiff is agreeable to the dismissal of all requests for monetary relief from its complaint without prejudice.

Additionally, defendant argues that plaintiff does not request that its default termination be declared improper and converted to a termination for convenience and, therefore, that portion of the complaint should also be dismissed. We disagree.

The court has jurisdiction over an appeal of a termination for default because such terminations are considered government claims against the contractor. *See Malone v. United States*, 849 F.2d 1441, 1443 (Fed. Cir. 1988); *Arono, Inc. v. United States*, 49 Fed. Cl. 544, 549 (2001). In the complaint, plaintiff objects to the decision to terminate the contract for default and sets forth allegations that, if true, would excuse its default, rendering the default termination improper. During the conference call, plaintiff's counsel confirmed plaintiff's intent to challenge the default termination. Thus, plaintiff appeals the decision to terminate the contract for default in its complaint, and that appeal is properly before the court.

Accordingly, defendant's motion to dismiss is granted in part and denied in part. All requests for monetary relief are hereby dismissed from the complaint without prejudice. Defendant's motion to stay discovery and motion for an extension of time are denied as moot. The court's stay of July 10, 2007 is cancelled. It is so ORDERED.

s/Eric G. Bruggink
ERIC G. BRUGGINK
Judge