IN THE UNITED STATES COURT OF FEDERAL CLAIMS

CASE NO.: 06-345-C

JUDGE: ERIC G. BRUGGINK

GRACE AND NAEEM UDDIN INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

_____________________________________/

**PLAINTIFF, GRACE AND NAEEM UDDIN, INC.'S MOTION TO REQUEST THE TRIBUNAL TO DIRECT THE CONTRACTING OFFICER TO ISSUE A DECISION REGARDING GRACE AND NAEEM UDDIN, INC.'S CLAIM**

Plaintiff, GRACE AND NAEEM UDDIN, INC., (hereinafter "GNU"), by and through undersigned counsel and pursuant to the applicable Rules of the United States Court of Federal Claims hereby files this Motion to Request The Tribunal Concerned To Direct The Contracting Officer To Issue A Decision Regarding GNU's Claim and states as follows:

1. On or about November 9, 2007 the USDA contracting officer received GNU's certified claim for one million six hundred fifty six thousand sixty one dollars and fifty cents ($1,656,061.50) arising from its wrongful termination from the project commonly known as the Subtropical Horticultural Research

Center in Miami, Florida (hereinafter "Project"). A copy of GNU's Claim and Exhibits is attached hereto as **Exhibit "A."**

2. In a letter dated December 20, 2007 the Contracting Officer informed GNU, among other things, that "…in accordance with Federal Acquisition Regulation (FAR) Subpart 33.211(c)(2) that a decision regarding your claim will be provided to you by March 7, 2008." A copy of the letter from Contracting Officer, Regina M. Herchak to Naeem Uddin, dated December 20, 2007 is attached hereto as **Exhibit "B."**

3. With respect to the timeframe of the decision by the contracting officer on a claim of this nature, FAR Subpart 33.211(c)(2) states:

> (c) The contracting officer shall issue the decision within the following statutory time limitations:
>
> (2) For claims over $100,000, 60 days after receiving a certified claim; provided, however, that if a decision will not be issued within 60 days, the contracting officer shall notify the contractor, within that period, of the time within which a decision will be issued.

4. Prior to the expiration of March 7, 2008, GNU received a second letter by the Contracting Officer that again informed GNU that there would be delay in issuing a decision with respect to the claim. The letter, dated February 13, 2008, stated, in pertinent part:

> …due to the number of issues raised in your claim received on November 9, 2007, a time extension beyond

> March 7, 2008 (as referenced in my letter to you dated December 20, 2007), is necessary to provide a decision. A response will be provided to you by April 9, 2008.

A copy of the letter from Contracting Officer, Regina M. Herchak to Naeem Uddin, dated February 13, 2008 is attached hereto as **Exhibit "C."**

5. To alleviate the effect of undue delay by a contracting officer regarding a claim, 41 U.S.C.A. § 605(c)(4) states:

> A contractor may request the tribunal concerned to direct a contracting officer to issue a decision in a specified period of time, as determined by the tribunal concerned, in the event of undue delay on the part of the contracting officer.

6. The central issue in GNU's affirmative claim is whether GNU is owed $1,656,061.50 because of a wrongful termination by the USDA due to, among other things, owner caused delay from flawed plans, specifications and administration of the job.

7. GNU seeks to conduct depositions and additional production so that the merits of the case may be heard. However, because of the delayed claim decision, GNU is prohibited from doing so fully.

8. GNU was terminated in August, 2005 – over two years prior to the submission of GNU's claim. Therefore, the USDA has had ample time to reevaluate and consider the original

termination decision, its monetary consequences, and to change its position if it so desired.

9. In the context of this case, multiple extensions of time will delay the right of GNU to pursue its recovery of damages. It is a condition precedent to seeking affirmative relief that the contracting officer issue a decision regarding the claim. Without the decision, the Claim will stagnate and GNU will not be able to amend its Complaint and comply with the Scheduling Order. In essence, Plaintiff is prejudiced by the contracting officer's failure to issue a decision.

10. Therefore, GNU requests this Honorable Court, pursuant to 41 U.S.C.A. § 605(c)(4), to direct the contracting officer to issue a decision regarding GNU's claim without further delay.

**WHEREFORE**, the Plaintiff, GRACE AND NAEEM UDDIN, INC., requests this Honorable Court to grant Plaintiff, Grace and Naeem Uddin, Inc.'s Motion to Request the Tribunal to Direct the Contracting Officer To Issue A Decision and any additional relief this Honorable Court may deem equitable and just.

Respectfully submitted,

s/ David R. Elder
Attorney for Plaintiff
DAVID R. ELDER
USCFC BAR NO Application Pending
FLA. BAR NO. 272442
Elder & Lewis, P.A.

Bayview Executive Plaza, Suite 301
3225 Aviation Avenue
Coconut Grove, FLA 33133
Tel: (786) 314-5155
Fax: (503) 314-5811

**CERTIFICATE OF FILING**

I hereby certify that on March ____, 2008 a copy of the foregoing "PLAINTIFF, GRACE AND NAEEM UDDIN, INC.'S MOTION TO REQUEST THE TRIBUNAL TO DIRECT THE CONTRACTING OFFICER TO ISSUE A DECISION REGARDING GRACE AND NAEEM UDDIN, INC.'S CLAIM" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David R. Elder
Attorney for Plaintiff
DAVID R. ELDER
USCFC BAR NO Application Pending
FLA. BAR NO. 272442
Elder & Lewis, P.A.
Bayview Executive Plaza, Suite 301
3225 Aviation Avenue
Coconut Grove, FLA 33133
Tel: (786) 314-5155
Fax: (503) 314-5811