IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GRACE AND NAEEM UDDIN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-345C |
| v. | ) | (Senior Judge Bruggink) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO REQUEST THE TRIBUNAL TO DIRECT THE CONTRACTING OFFICER TO ISSUE A DECISION REGARDING GRACE AND NAEEM UDDIN, INC.'S CLAIM**

Defendant, the United States, respectfully responds to plaintiff's motion pursuant to Rule 7 of the Rules of the United States Court of Federal Claims.

Plaintiff, Grace and Naeem Uddin, Inc. ("GNU"), seeks an order from this Court directing the contracting officer to issue a final decision on its purported November, 2007 certified claim.

On December 30, 2007, prior to expiration of the 60-day deadline for issuing a final decision pursuant to the Contract Disputes Act, 41 U.S.C. § 605(c)(2) ("CDA"), the contracting officer indicated that she would provide her decision by March 7, 2008. GNU Motion at 2. When she realized that she would not be able to complete the final decision by March 7, 2008, the contracting officer timely advised GNU by letter of February 13, 2008, that a decision would be provided by

April 9, 2008[1]. Id. at 3.

The CDA contemplates situations where a contracting officer requires additional time to prepare a final decision by permitting a contracting officer to either provide her final decision within 60 days or "notify the contractor of the time within which a decision will be issued." 41 U.S.C. § 605(c)(2)(B). So long as the time which the contracting officer states is specific and reasonable, this Court should not intervene. See, e.g., Boeing Co. v. United States, 26 Cl. Ct. 257 (1992). In this case, the contracting officer specified April 9, 2008, as the date when she will issue her decision. The only other question is whether delaying the decision until April 9, 2008, is reasonable "taking into account such factors as the size and complexity of the claim and the adequacy of the information in support of the claim provided by the contractor." 41 U.S.C. 605(c)(3).

The gravamen of GNU's motion is that it is prejudiced by the approximately 4-month delay in receiving the contracting officer's final decision regarding its money claims because it is limited in pressing its case. On the other hand, had GNU complied with the CDA requirements prior to filing the instant complaint, its money claims would not have been dismissed by this Court and the contracting

[1] In all candor, the contracting officer's father recently passed away and she has been out of the office since February 25, 2008. Upon her return, she will probably inform GNU that her decision will not be issued until the end of April instead of April 9.

officer who issued the termination for default, and was more familiar with the claims, would have also addressed the money claims in her final decision. Additionally, during the same time that its claim has been pending with the successor contracting officer, GNU has propounded interrogatories and requests for production, which have required the contracting officer to devote her time to responding to these rather than work on responding to GNU's claim.

On balance, GNU is not prejudiced by the additional time which the contracting officer has requested. Both parties have engaged in written discovery and GNU is free to seek another amendment to the discovery schedule, which the Government will not object to. It is true that the contracting officer's decision will help narrow any additional claims for money damages, but the fact that GNU cannot conduct discovery on matters outside the complaint until it amends the complaint in this case should not be the determining factor.

The contracting officer has acted reasonably in setting a specific date of April 9, 2008, within which she would issue a final decision. The delay has been caused by the complexity of the money claims and the necessity for the successor contracting officer to research these claims from nearly 3 years ago. In addition, GNU's complicated and lengthy written discovery requests, which required the contracting officer to expend significant time in responding, and the unfortunate

personal tragedy in her life all counsel against this Court's granting GNU's motion to compel the contracting officer to issue her decision immediately.

Accordingly, this Court should deny GNU's motion.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

/s/ Armando A. Rodriguez-Feo
ARMANDO A. RODRIGUEZ-FEO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor,
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-3390
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

MARK G. GARRETT
United States Department of Agriculture
Attorney-Advisor
14th and Independence Avenue, S.W.
Washington, D.C. 20250-1415

March 12, 2008

CERTIFICATE OF FILING

I hereby certify that on March 12, 2008, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO REQUEST THE TRIBUNAL TO DIRECT THE CONTRACTING OFFICER TO ISSUE A DECISION REGARDING GRACE AND NAEEM UDDIN, INC.'S CLAIM" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Armando Rodriguez-Feo