IN THE UNITED STATES COURT OF FEDERAL CLAIMS

CASE NO.: 06-345-C

JUDGE: ERIC G. BRUGGINK

GRACE AND NAEEM UDDIN INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

_____________________________________/

**PLAINTIFF, GRACE AND NAEEM UDDIN, INC.'S MOTION TO UTILIZE DEPOSITIONS IN CASE NO. 07-21936-CIV-Seitz**

Plaintiff, GRACE AND NAEEM UDDIN, INC., (hereinafter "GNU"), by and through undersigned counsel and pursuant to the applicable Rules of the United States Court of Federal Claims, hereby files Plaintiff, Grace and Naeem Uddin, Inc.'s Motion To Utilize Depositions in Case No.: 07-21936-CIV-Seitz, and in support states as follows:

1. On or about April, 2006 GNU filed a one count Breach of Contract action against Defendant, the U.S., for wrongful termination from the construction project commonly known as the Subtropical Horticultural Research Center in Miami, Florida (hereinafter "Project").

2. Jacobs Facilities, Inc. (hereinafter "Jacobs") was the architect / engineer hired by the United States to perform architectural design and administration regarding the Project.

3. On or about July, 2007, GNU sued Jacobs, in the United States District Court for the Southern District of Florida in the case styled *Grace and Naeem Uddin, Inc. v. Jacobs Facilities, Inc.,* Case No. 07-21936-CIV-Seitz for professional negligence arising from its work on Project.

4. GNU alleges in paragraph 17 of the complaint against Jacobs:

> 17. The Project plans and specifications, prepared by ARCHITECT and provided to GNU were insufficient to construct the Project. The deficiencies included but were not limited to the following:
> a. Window System Design ambiguities;
> b. Roof System ambiguities;
> c. Roof Deck Design ambiguities;
> d. Acid Piping design ambiguities;
> e. Power to the Lift Stations design ambiguities;
> f. Layout of Sewer Mains ambiguities;
> g. Finish Floor Elevation ambiguities.

Moreover, in paragraph 24 of GNU's complaint against Jacobs GNU further alleges:

> 24. ARCHITECT breached its duty owed to GNU, in failing to exercise the due care and perform such services in accordance with the standard of care used by similar professionals in the community under similar circumstances as follows:
> a. Failed to recommend valid change order requests.
> b. Failed to recommend valid time extension requests.

c. Provided plans and specifications with design ambiguities.

d. Failed to respond timely to GNU'S requests for information with revised drawings, clear directives, approved shop drawings, or other modifications which would have permitted work progress.

e. Wrongfully recommended to the USDA to terminate GNU's contracting services.

A copy of the Amended Complaint for case no. 07-21936-CIV-Seitz is attached hereto as **Exhibit "A."**

5. The above referenced issues in case no. 07-21936-CIV-Seitz have nearly complete factual overlap with the facts of the instant action (please see GNU's Complaint in the case at bar, Paragraphs 29 – 60).

6. In the case at bar, GNU alleges that numerous delays, caused by no fault of GNU, formed the basis of USDA's wrongful termination of GNU. Many of the delays stem, in whole or in part, from Jacob's flawed design or administration of the Project and the USDA's response to the same. Thus, both cases are factually intertwined.

7. Because the causes of action in both cases include intertwined issues and the same individuals will be deposed in both cases on these common issues, counsel for JACOBS and counsel for GNU have agreed that the depositions in one case may be utilized in the other case. Counsel for the U.S. has objected.

8. Many, if not all, witnesses are common to both cases. For example, each and every individual listed in the U.S.'s Supplemental Initial Disclosures as "[p]ersons likely to have discoverable information that may be relied upon by the United States in support of its defenses" is also listed in Jacobs' Initial Disclosures as a person likely to have discoverable information. Defendant, Jacobs Facilities, Inc.'s Initial Rule 26 Disclosures are attached hereto as **Exhibit "B."**

9. GNU lists virtually the same potential witnesses pursuant to its initial disclosures in both cases. GNU's Initial Disclosures in Case No. 07-21936-CIV-Seitz are attached hereto as **Exhibit "C."**

10. Moreover, pursuant to GNU's First Set of Interrogatories to the U.S., GNU requested the following information pursuant to Interrogatory No. 9:

> Please list the identity, job title, department, and business address of all individuals who determined or assisted in determining that the Government had no Responsible Time Impact Delay in regard to GNU's Time Impact Analyses regarding "Location of Sewer Line," "Sewer Line Material," "Tree Removal, and "Windows" pursuant to Joan M. Baker's July 6, 2005 letter to Naeem Uddin.

The U.S.'s answer to GNU's Interrogatory Number 9 lists three Jacobs employees and three USDA employees, among others, thus demonstrating the interconnected nature of the testimony in both

cases. Defendant’s Response to Plaintiff’s First Set of Interrogatories is attached hereto as **Exhibit “D.”**

11. Therefore, the two cases have substantial overlap of the witnesses and substantial overlap of the subject matter about which those witnesses with be testifying.

12. To avoid duplication and excessive costs, not to mention the inconvenience to witnesses, deposition use in both cases is both reasonable and prudent.

13. In contrast, the U.S. proposes that all depositions be taken twice: once for GNU vs. Jacobs and once for GNU vs. U.S., even if the witnesses will provide the same testimony in both cases.

14. Counsel for GNU has attempted to resolve this issue in good faith with counsel for USDA prior to the filing of this Motion.

15. For a deposition to be used against a party in either the Court of Federal Claims or the U.S. District Court for the Southern District of Florida, pursuant to FRCP 32 or RCFC 32 respectively, among other things, the party must be present or represented at the taking of the deposition or had reasonable notice of it.

16. Upon information and belief, counsel for the U.S. will object to the presence of Jacob's counsel at a deposition noticed in the GNU vs. U.S. District action.

17. Because taking most witnesses' depositions twice is overly burdensome, unnecessarily costly, and will not prejudice the rights of the U.S., GNU requests this Honorable Court to allow the utilization of depositions in case no. 07-21936-CIV-Seitz and apply the same equally to both the GNU / Jacobs and GNU / USDA cases.

**WHEREFORE**, the Plaintiff, GRACE AND NAEEM UDDIN, INC., requests this Honorable Court to grant Plaintiff, Grace and Naeem Uddin, Inc.'s Motion to Utilize Depositions in Case No.: 07-21936-CIV-Seitz and any additional relief this Honorable Court may deem equitable and just.

Respectfully submitted,

s/ David R. Elder
Attorney for Plaintiff
DAVID R. ELDER
USCFC BAR NO Application Pending
FLA. BAR NO. 272442
Elder & Lewis, P.A.
Bayview Executive Plaza, Suite 301
3225 Aviation Avenue
Coconut Grove, FLA 33133
Tel: (786) 314-5155
Fax: (503) 314-5811

**CERTIFICATE OF FILING**

I hereby certify that on March 14, 2008 a copy of the foregoing "PLAINTIFF, GRACE AND NAEEM UDDIN, INC.'S MOTION TO OVERFULE DEENDANT, THE UNITED STATES' OBJECTIONS TO COMMON DEPOSITIONS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David R. Elder
Attorney for Plaintiff
DAVID R. ELDER
USCFC BAR NO Application Pending
FLA. BAR NO. 272442
Elder & Lewis, P.A.
Bayview Executive Plaza, Suite 301
3225 Aviation Avenue
Coconut Grove, FLA 33133
Tel: (786) 314-5155
Fax: (503) 314-5811