UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:07-21936-CIV-Seitz

GRACE AND NAEEM UDDIN, INC.,
A Florida corporation,

Plaintiff,

vs.

JACOBS FACILITIES, INC.,
A Missouri Corporation,

Defendant.

________________________________________/

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, GRACE AND NAEEM UDDIN, INC., (hereinafter "GNU"), a Florida corporation with its principal place of business in Florida, by and through undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, hereby files its Amended Complaint against Defendant, JACOBS FACILITIES, INC., (hereinafter "ARCHITECT"), a Missouri corporation, and in support states as follows:

**NATURE OF THE ACTION**

1. This is an action for professional negligence against the Project Architect.

EXHIBIT
"A"

A Response to

## JURISDICTION AND VENUE

2. This is an action for damages in excess of $75,000.00 exclusive of interest, costs and attorney's fees.

3. This is an action involving corporations incorporated in different states which also have their principal places of business in different states, and therefore this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332.

4. Plaintiff, GNU is a Florida Corporation with its principal place of business in Miami-Dade County, and conducts substantial business in Miami-Dade County.

5. Defendant, ARCHITECT, is a Missouri corporation with its principal place of business in Missouri, and is authorized to do business in the State of Florida.

6. PLAINTIFF and DEFENDANT both conducted business activities related to the Subtropical Horticulture Research Center located in Miami-Dade County and DEFENDANT'S architectural negligence involves its conduct in connection with the Project in Miami-Dade County.

7. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §1391(a)(2) as this action is brought where a substantial part of the events or omissions giving rise to the claim have occurred.

8. GNU has performed all conditions precedent to the bringing of this action, or such conditions have been waived or otherwise excused.

9. GNU has been forced to retain the undersigned law firm and has agreed and is obligated to pay reasonable attorney's fees for its services.

**COUNT I - PROFESSIONAL NEGLIGENCE**

10. GNU incorporates Paragraphs 1 through 9 above as if fully set forth herein.

11. On or about October 1, 2003, GNU entered into a Contract Agreement with the United States Department of Agriculture (hereinafter "USDA"), pursuant to which GNU would provide labor, materials, and equipment necessary for the construction of a facility commonly known as the Subtropical Horticulture Research Center (hereinafter "PROJECT"), located in Miami-Dade County, Florida.

12. In conformance with its written agreement with USDA, GNU furnished to USDA a Performance and Payment Bond. The Bond was in the name of Carolina Surety and is attached as **EXHIBIT "A"**.

13. The Contract was administered pursuant to the Federal Acquisition Regulations (hereinafter "F.A.R."). The Contract, inclusive of plan specifications, and F.A.R.'S and other incorporated documents are too voluminous to attach, but upon

information and belief are in the possession of defendant and are incorporated herein.

14. On information and belief, USDA entered into a written agreement with ARCHITECT to produce design drawings and specifications, with regard to the PROJECT.

15. On information and belief, USDA's written agreement with ARCHITECT included the ARCHITECT'S obligations to review and respond to requests for information, review and recommend approval or denial of change orders, review and recommend approval or denial of time extensions, furnish a representative at the site, review payment requisitions, and prepare daily job logs and project meeting minutes.

16. In its role as architect for this Project, ARCHITECT owed a duty to GNU to perform its services in accordance with the standards of a professional architect in preparing PROJECT documents and administering the contract, inclusive of making recommendations for time extensions, change orders, and payment requisitions. Moreover, ARCHITECT owed a duty to GNU to respond to RFI's, requests for change orders, and payment requisitions.

17. The Project plans and specifications, prepared by ARCHITECT and provided to GNU were insufficient to construct the Project. The deficiencies included but were not limited to the following:

a. Window System Design ambiguities;

b. Roof System ambiguities;

c. Roof Deck Design ambiguities;

d. Acid Piping design ambiguities;

e. Power to the Lift Stations design ambiguities;

f. Layout of Sewer Mains ambiguities;

g. Finish Floor Elevation ambiguities.

18. In an attempt to progress the work in a timely fashion, and in response to design ambiguities, GNU submitted Requests for Information to JACOBS on the PROJECT.

19. JACOBS failed to respond in a timely manner to GNU's Requests for Information with revised drawings, clear directives, approved shop drawings, or other modifications which would have permitted work progress.

20. Moreover, GNU submitted requests for change orders and requested time extensions to ARCHITECT based on the ambiguities in the plans.

21. ARCHITECT denied GNU'S time extension requests of 496 days due to ambiguities in the plans and specifications on the PROJECT, which included 149 days due to the window system and an additional 347 days for reasons related to roof design, roof deck design, acid piping design, electrical design, and finish floor design elevations, among others.

22. As a result of ARCHITECT'S denial of the Requests for change orders, inclusive of requests for time extensions, the USDA concluded that GNU was behind its baseline schedule.

23. Based on the denials of time extensions, the denials of change orders, the untimely responses to requests for information with revised drawings, clear directives and approved shop drawings, GNU's performance was judged by USDA to be a material breach of the obligations of the Contract dated October 1, 2003.

24. ARCHITECT breached its duty owed to GNU, in failing to exercise the due care and perform such services in accordance with the standard of care used by similar professionals in the community under similar circumstances as follows:

a. Failed to recommend valid change order requests.
b. Failed to recommend valid time extension requests.
c. Provided plans and specifications with design ambiguities.
d. Failed to respond timely to GNU'S requests for information with revised drawings, clear directives, approved shop drawings, or other modifications which would have permitted work progress.
e. Wrongfully recommended to the USDA to terminate GNU's contracting services.

25. Simultaneously with the termination of GNU, USDA exercised its rights under the Performance Bond and demanded that Carolina Surety complete the work.

26. As a result of ARCHITECT'S failure to exercise due care and reasonable skill used by similar professionals in the community under similar circumstances as stated in Paragraph 24, the USDA terminated the contracting services of GNU in connection with the Project on August 2, 2005.

27. At the time of procuring the Performance Bond required by the Contract with USDA, GNU, Naeem Uddin, individually, and Graciela Uddin, individually, obligated itself, jointly and severally pursuant to an Indemnification Agreement, to pay Carolina Surety any costs arising as a result of having to complete the work for a total price greater than the monies remaining under the Contract.

28. As a direct and proximate result of ARCHITECT'S failure to exercise the due care and reasonable skill used by similar professionals in the community under similar circumstances, GNU has been damaged as follows:

a. Anticipated profits arising from the work remaining at the time of termination have been forfeited;
b. Carolina Surety has required GNU to pay the cost for completion over and above the sums remaining in the Contract at the time of termination;
c. GNU has paid Carolina Surety and its consultants in excess of $800,000.00 in consequence of Carolina's completion of the Project.
d. GNU has lost profits from projects it could not perform due to a loss of bonding capacity;
e. Costs of defending subcontractor claims have been incurred.

**WHEREFORE**, Defendant, GNU, requests this Court to find Defendant, JACOBS FACILITIES, INC. liable for professional negligence and to enter judgment against JACOBS FACILITIES INC. for all damages arising from its negligence, inclusive of costs and interest.

**DEMAND FOR JURY TRIAL**

Plaintiff herein demands a Jury Trial on all issues so triable.

Respectfully submitted,

**Elder & Lewis, P.A.**

By:______s/___________
DAVID R. ELDER
FLA. BAR NO. 272442
LISA N. BALKIN
FLA. BAR NO. 016347

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing was electronically filed using the CM/ECF System which will send notice of electronic filing to the following: **A. ANDERSON B. DOGALI, ESQ. and JOEL J. EWUSIAK**, Forizs & Dogali, P.L., Attorneys for

Jacobs, 4301 Anchor Plaza Parkway, Suite 300, Tampa, FL 33634, this 26th day of September, 2007.

Elder & Lewis, P.A.
Attorneys for Plaintiff
Bayview Executive Plaza
3225 Aviation Avenue
Suite 301
Coconut Grove, FL 33133
(786) 314-5155
(786) 314-5811 Facsimile

By:______s/______________
DAVID R. ELDER
FLA BAR NO. 272442
LISA N. BALKIN
FLA BAR NO. 016347

Bond No. 089013

| PERFORMANCE BOND *(See instructions on reverse)* | DATE BOND EXECUTED *(Must be same or later than date of contract)* October 14, 2003 | OMB No.: 9000-0045 |
|---|---|---|

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington, DC 20405

| PRINCIPAL *(Legal name and business address)* | TYPE OF ORGANIZATION ("X" one) | | |
|---|---|---|---|
| GRACE & NAEEM UDDIN, INC.<br>5532 N.W. 72nd Avenue<br>Miami, Fl. 33166 | ☐ INDIVIDUAL ☐ PARTNERSHIP<br>☐ JOINT VENTURE ☒ CORPORATION<br>STATE OF INCORPORATION: Florida | | |
| SURETY(IES) *(Name(s) and business address(es))* | PENAL SUM OF BOND | | |
| | MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
| Carolina Casualty Insurance Company<br>P.O. Box 2575<br>Jacksonville, FL 32202 | 6 | 836 | 182 | 00 |
| | CONTRACT DATE: 10-1-03 | CONTRACT NO.: 50-3K15-3-3600 | | |

OBLIGATION:

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS:

The Principal has entered into the contract identified above.

THEREFORE:

The above obligation is void if the Principal -

(a)(1) Performs and fulfills all the undertakings, covenants, terms, conditions, and agreements of the contract during the original term of the contract and any extensions thereof that are granted by the Government, with or without notice to the Surety(ies), and during the life of any guaranty required under the contract, and (2) performs and fulfills all the undertakings, covenants, terms, conditions, and agreements of any and all duly authorized modifications of the contract that hereafter are made. Notice of those modifications to the Surety(ies) are waived.

(b) Pays to the Government the full amount of the taxes imposed by the Government, if the said contract is subject to the Miller Act, (40 U.S.C. 270a-270e), which are collected, deducted, or withheld from wages paid by the Principal in carrying out the construction contract with respect to which this bond is furnished.

WITNESS:

The Principal and Surety(ies) executed this performance bond and affixed their seals on the above date.

PRINCIPAL

| | 1. | 2. | 3. | |
|---|---|---|---|---|
| | Grace & Naeem Uddin, Inc. | | | |
| SIGNATURE(S) | [signature] (Seal) | [signature] (Seal) | (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) (Typed) | Graciela Beltran-Uddin<br>President | Naeem Uddin<br>Vice President | | |

INDIVIDUAL SURETY(IES)

| | 1. | 2. |
|---|---|---|
| SIGNATURE(S) | (Seal) | (Seal) |
| NAME(S) (Typed) | | |

CORPORATE SURETY(IES)

| SURETY A | | | | |
|---|---|---|---|---|
| NAME & ADDRESS | Carolina Casualty Insurance Company, P.O. Box 2575, Jacksonville, FL 32202 | STATE OF INC.: Fl. | LIABILITY LIMIT: $13,663,000 | Corporate Seal |
| SIGNATURE(S) | 1. [signature] | 2. | | |
| NAME(S) & TITLE(S) (Typed) | 1. Warren M. Alter, Attorney In Fact | 2. | | |

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition not usable

STANDARD FORM 25 (REV. 5-96)
Prescribed by GSA-FAR (48 CFR) 53.228(b)

EXHIBIT "F"
ALL-STATE LEGAL

No. 282

**POWER OF ATTORNEY**
**CAROLINA CASUALTY INSURANCE COMPANY**
**JACKSONVILLE, FLORIDA**

KNOW ALL MEN BY THESE PRESENTS: that CAROLINA CASUALTY INSURANCE COMPANY ("Company") a corporation duly organized and existing under the laws of the State of Florida, having its principal office in Jacksonville, Florida, has made, constituted and appointed, and does by these presents make, constitute and appoint: Charles Jackson Nielson or Charles David Nielson or Warren Mitchell Alter or Joseph Penichet Nielson or Olga M. Nielson or Kevin Richard Wojtowicz of Nielson & Company, Inc. of Miami Lakes, FL

its true and lawful Agent and Attorney-in-Fact, with the power and authority hereby conferred in its name, place and stead, to execute, seal, acknowledge and deliver: any and all bonds and undertakings providing that no single obligation shall exceed Fifteen Million and 00/100 Dollars ($15,000,000.00)

and to bind the Company thereby as fully and to the same extent as if such bonds had been duly executed and acknowledged by the regularly elected officers of the Company at its principal office in their own proper persons.

This Power of Attorney is granted pursuant to the Minutes of the Special Meeting of the Board of Directors of Carolina Casualty Insurance Company held on March 30, 1966, to wit:

> RESOLVED: "That the following Officers of the Carolina Casualty Insurance Company, Chairman of the Board, President, Secretary and Treasurer, or either of them, are hereby authorized to execute on behalf of Carolina Casualty Insurance Company, Powers of Attorney authorizing and qualifying the Attorney-in-Fact named therein to execute bonds on behalf of the Carolina Casualty Insurance Company, and further, that the said Officers of the Company mentioned, are hereby authorized to affix the corporate seal of the said Company to Powers of Attorney executed pursuant hereto".

RESOLVED FURTHER, this Power of Attorney limits the acts of those named therein to the bonds and undertakings specifically named therein, and they have no authority to bind the company except in the manner and to the extent therein stated.

RESOLVED FURTHER, this Power of Attorney revokes all previous powers issued in behalf of the Attorney-in-Fact named above.

RESOLVED FURTHER, that the signature of any authorized officer and the seal of the Company may be affixed by facsimile to any power of attorney or certification thereof authorizing the execution and delivery of any bond, undertaking, recognizance, or other suretyship obligations of the Company; and such signature and seal when so used shall have the same force and effect as though manually affixed. The Company may continue to use for the purposes herein stated the facsimile signature of any person or persons who shall have been such officer or officers of the Company, notwithstanding the fact that they may have ceased to be such at the time when such instruments shall be issued.

IN WITNESS WHEREOF the Carolina Casualty Insurance Company has caused these presents to be signed and attested by its appropriate officers and its corporate seal hereunto affixed this 5th day of August, 2003.

(SEAL)

Attest:
By: [signature]
Betty C. Sutherland
Vice President and Secretary

Carolina Casualty Insurance Company
By: [signature]
Armin W. Blumberg
President and Chief Executive Officer

**WARNING:** **THIS POWER OF ATTORNEY INVALID IF NOT PRINTED ON GREEN "MONITOR" SECURITY PAPER.**

STATE OF FLORIDA)
ss
COUNTY OF DUVAL)

On this 5th day of August, 2003, before me personally came Betty C. Sutherland to me known, who, being by me duly sworn, did depose and say: that she is Secretary of Carolina Casualty Insurance Company, the Corporation described in and which executed the above instrument; and that he/she knows the seal of said Corporation; that the seal affixed to the said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said Corporation and that he/she signed his/her name thereto by like order.

IN WITNESS WHEREOF, I have hereunto set my hand ad affixed my official seal; the day and year herein first above written.

[signature]
Notary Public, State of Florida at Large

**CERTIFICATE**

I, the undersigned, Secretary of CAROLINA CASUALTY INSURANCE COMPANY, DO HEREBY CERTIFY that the foregoing is a just, true, correct and complete copy of original Power of Attorney; that the said Power of Attorney has not been revoked or rescinded and that the authority of the Attorney-in-Fact set forth therein, who executed the bond to which this Power of Attorney is attached, is in full force and effect as of this date.

Given under my hand and the seal of the Company, this 14th day of October, 2003.

(SEAL)

[signature]
Betty C. Sutherland, Secretary

**Mayra C. Orozco**

**From:** cmecfautosender@flsd.uscourts.gov
**Sent:** Wednesday, September 26, 2007 12:52 PM
**To:** flsd_cmecf_notice@flsd.uscourts.gov
**Subject:** Activity in Case 1:07-cv-21936-PAS Grace and Naeem Uddin, Inc v. Jacobs Facilities, Inc "Motion to Amend/Correct"

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.
U.S. District Court
Southern District of Florida

Notice of Electronic Filing
The following transaction was entered on 9/26/2007 at 12:51 PM EDT and filed on 9/26/2007

Case Name: Grace and Naeem Uddin, Inc v. Jacobs Facilities, Inc Case Number: 1:07-cv-21936
http://ecf.flsd.uscourts.gov/cgi-bin/DktRpt.pl?300230

Document Number: 8
Copy the URL address from the line below into the location bar of your Web browser to view the document: http://ecf.flsd.uscourts.gov/cgi-bin/show_case_doc?8,300230,,13893003,,,24

Docket Text:
MOTION to Amend/Correct <I>Complaint and Demand for Jury Trial</I> by Grace and Naeem Uddin, Inc. Responses due by 10/11/2007 (Attachments: # (1) Exhibit Performance Bond# (2) Exhibit Complaint)(Elder, David)

The following document(s) are associated with this transaction:
Document description: Main Document
Original filename: n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1105629215 [Date=9/26/2007] [FileNumber=4419875-0]
[1229b9cb4c75e2ec29a3e0db9df2022f052737d2b8abd59830b322c4b55fb628de702cc33c5c8a588e3bc158d a0b4c43563e073f3b1b6e44d841a1786d157732]]
Document description: Exhibit Performance Bond Original filename: n/a Electronic document Stamp:
[STAMP dcecfStamp_ID=1105629215 [Date=9/26/2007] [FileNumber=4419875-1]
[59a7ecde487493d907411bac805b0ae143d0574c8fc9608ea1bf736baf80733cbb9d5db31c84317331311db56 d0eebf86a1d65a8989f361374da021794b0f235]]
Document description: Exhibit Complaint Original filename: n/a Electronic document Stamp:
[STAMP dcecfStamp_ID=1105629215 [Date=9/26/2007] [FileNumber=4419875-2]
[9650079dd1e6dcb1b2e755d1d4cf1f3a2bf5a718fd53e724c29ac15a3f2577c59df7e558a1e5634a7f51742ac 2bb602da5551900696c54912890249a719e2323]]

1:07-cv-21936 Notice will be electronically mailed to:
Lisa Nicole Balkin lbalkin@elderlewis.com

Anthony Anderson Benton Dogali
adogali@forizs-dogali.com, mdrizis@forizs-dogali.com; jtaylor@forizs-dogali.com

David Roy Elder delder@elderlewis.com

Joel Justus Ewusiak jewusiak@forizs-dogali.com, abarger@forizs-dogali.com

1:07-cv-21936 Notice will be delivered by other means to:

Bond No. 089013

| PAYMENT BOND *(See instructions on reverse)* | DATE BOND EXECUTED *(Must be same or later than date of contract)* October 14, 2003 | OMB No.: 9000-0045 |
|---|---|---|

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington, DC 20405

PRINCIPAL *(Legal name and business address)*

GRACE & NAEEM UDDIN, INC.
5532 N.W. 72nd Avenue
Miami, FL 33166

TYPE OF ORGANIZATION ("X" one)

☐ INDIVIDUAL ☐ PARTNERSHIP
☐ JOINT VENTURE ☒ CORPORATION

STATE OF INCORPORATION: Florida

SURETY(IES) *(Name(s) and business address(es))*

Carolina Casualty Insurance Company
P.O. Box 2575
Jacksonville, FL 32202

PENAL SUM OF BOND

| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|
| 6 | 836 | 182 | 00 |

| CONTRACT DATE | CONTRACT NO. |
|---|---|
| 10-1-03 | 50-3K15-3-3600 |

## OBLIGATION:

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

## CONDITIONS:

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

## WITNESS:

The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

### PRINCIPAL

Grace & Naeem Uddin, Inc.

| | 1. | 2. | 3. | Corporate Seal |
|---|---|---|---|---|
| SIGNATURE(S) | [signature] (Seal) | [signature] (Seal) | (Seal) | |
| NAME(S) & TITLE(S) (Typed) | Graciela Beltran-Uddin PRESIDENT | Naeem Uddin VICE PRESIDENT | | |

### INDIVIDUAL SURETY(IES)

| | 1. | 2. |
|---|---|---|
| SIGNATURE(S) | (Seal) | (Seal) |
| NAME(S) (Typed) | | |

### CORPORATE SURETY(IES)

| SURETY A | | | | |
|---|---|---|---|---|
| NAME & ADDRESS | Carolina Casualty Insurance Company, P.O. Box 2575, Jacksonville, FL 32202 | STATE OF INC. FL | LIABILITY LIMIT $ 13,663,000 | Corporate Seal |
| SIGNATURE(S) | 1. [signature] | 2. | | |
| NAME(S) & TITLE(S) (Typed) | 1. Warren M. Alter, Attorney In Fact | 2. | | |

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition is usable

STANDARD FORM 25A (REV. 10-98)
Prescribed by GSA-FAR (48 CFR) 53.228(c)

**POWER OF ATTORNEY**
**CAROLINA CASUALTY INSURANCE COMPANY**
**JACKSONVILLE, FLORIDA**

No. 282

KNOW ALL MEN BY THESE PRESENTS: that CAROLINA CASUALTY INSURANCE COMPANY ("Company") a corporation duly organized and existing under the laws of the State of Florida, having its principal office in Jacksonville, Florida, has made, constituted and appointed, and does by these presents make, constitute and appoint: Charles Jackson Nielson or Charles David Nielson or Warren Mitchell Alter or Joseph Penichet Nielson or Olga M. Nielson or Kevin Richard Wojtowicz of Nielson & Company, Inc. of Miami Lakes, FL

its true and lawful Agent and Attorney-in-Fact, with the power and authority hereby conferred in its name, place and stead, to execute, seal, acknowledge and deliver: any and all bonds and undertakings providing that no single obligation shall exceed Fifteen Million and 00/100 Dollars ($15,000,000.00)

and to bind the Company thereby as fully and to the same extent as if such bonds had been duly executed and acknowledged by the regularly elected officers of the Company at its principal office in their own proper persons.

This Power of Attorney is granted pursuant to the Minutes of the Special Meeting of the Board of Directors of Carolina Casualty Insurance Company held on March 30, 1966, to wit:

> RESOLVED: "That the following Officers of the Carolina Casualty Insurance Company, Chairman of the Board, President, Secretary and Treasurer, or either of them, are hereby authorized to execute on behalf of Carolina Casualty Insurance Company, Powers of Attorney authorizing and qualifying the Attorney-in-Fact named therein to execute bonds on behalf of the Carolina Casualty Insurance Company, and further, that the said Officers of the Company mentioned, are hereby authorized to affix the corporate seal of the said Company to Powers of Attorney executed pursuant hereto".

RESOLVED FURTHER, this Power of Attorney limits the acts of those named therein to the bonds and undertakings specifically named therein, and they have no authority to bind the company except in the manner and to the extent therein stated.

RESOLVED FURTHER, this Power of Attorney revokes all previous powers issued in behalf of the Attorney-in-Fact named above.

RESOLVED FURTHER, that the signature of any authorized officer and the seal of the Company may be affixed by facsimile to any power of attorney or certification thereof authorizing the execution and delivery of any bond, undertaking, recognizance, or other suretyship obligations of the Company; and such signature and seal when so used shall have the same force and effect as though manually affixed. The Company may continue to use for the purposes herein stated the facsimile signature of any person or persons who shall have been such officer or officers of the Company, notwithstanding the fact that they may have ceased to be such at the time when such instruments shall be issued.

IN WITNESS WHEREOF the Carolina Casualty Insurance Company has caused these presents to be signed and attested by its appropriate officers and its corporate seal hereunto affixed this 5th day of August, 2003.

[SEAL]

Attest:
By: [signature]
Betty C. Sutherland
Vice President and Secretary

Carolina Casualty Insurance Company
By: [signature]
Armin W. Blumberg
President and Chief Executive Officer

WARNING: THIS POWER OF ATTORNEY INVALID IF NOT PRINTED ON GREEN "MONITOR" SECURITY PAPER.

STATE OF FLORIDA)
ss
COUNTY OF DUVAL)

On this 5th day of August, 2003, before me personally came Betty C. Sutherland to me known, who, being by me duly sworn, did depose and say: that she is Secretary of Carolina Casualty Insurance Company, the Corporation described in and which executed the above instrument; and that he/she knows the seal of said Corporation; that the seal affixed to the said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said Corporation and that he/she signed his/her name thereto by like order.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal; the day and year herein first above written.

OFFICIAL NOTARY SEAL
PATSY W CARMICHAEL
COMMISSION NUMBER
DD152067
MY COMMISSION EXPIRES
SEPT 23 2006

[signature]
Notary Public State of Florida at Large

**CERTIFICATE**

I, the undersigned, Secretary of CAROLINA CASUALTY INSURANCE COMPANY, DO HEREBY CERTIFY that the foregoing is a just, true, correct and complete copy of original Power of Attorney; that the said Power of Attorney has not been revoked or rescinded and that the authority of the Attorney-in-Fact set forth therein, who executed the bond to which this Power of Attorney is attached, is in full force and effect as of this date.

Given under my hand and the seal of the Company, this 14th day of October, 2003.

[SEAL]

[signature]
Betty C. Sutherland, Secretary

CORPORATE SURETY(IES) *(Continued)*

| | | | | | |
|---|---|---|---|---|---|
| SURETY B | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY C | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY D | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY E | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY F | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY G | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |

| BOND PREMIUM | RATE PER THOUSAND ($) | TOTAL ($) |
|---|---|---|
| ▶ | 14.40/8.70/6.90/ 6.30 | $53,418.00 |

## INSTRUCTIONS

1. This form is authorized for use in connection with Government contracts. Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form, insert only the letter identification of the sureties.

(b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety, shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning their financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

## CORPORATE SURETY(IES) *(Continued)*

| Surety | Field | | | | |
|---|---|---|---|---|---|
| SURETY B | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY C | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY D | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY E | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY F | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY G | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |

## INSTRUCTIONS

1. This form, for the protection of persons supplying labor and material, is used when a payment bond is required under the Act of August 24, 1935, 49 Stat. 793 (40 U.S.C. 270a-270e). Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form, insert only the letter identification of the sureties.

(b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety, shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning their financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

Bond No. 089013

| PERFORMANCE BOND *(See instructions on reverse)* | DATE BOND EXECUTED *(Must be same or later than date of contract)* October 14, 2003 | OMB No.: 9000-0045 |
|---|---|---|

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington, DC 20405

| PRINCIPAL *(Legal name and business address)* | TYPE OF ORGANIZATION ("X" one) |
|---|---|
| GRACE & NAEEM UDDIN, INC.<br>5532 N.W. 72nd Avenue<br>Miami, FL 33166 | ☐ INDIVIDUAL ☐ PARTNERSHIP<br>☐ JOINT VENTURE ☒ CORPORATION<br>STATE OF INCORPORATION: Florida |

| SURETY(IES) *(Name(s) and business address(es))* | PENAL SUM OF BOND | | | |
|---|---|---|---|---|
| | MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
| Carolina Casualty Insurance Company<br>P.O. Box 2575<br>Jacksonville, FL 32202 | 6 | 836 | 182 | 00 |
| | CONTRACT DATE: 10-1-03 | | CONTRACT NO.: 50-3K15-3-3600 | |

**OBLIGATION:**

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

**CONDITIONS:**

The Principal has entered into the contract identified above.

**THEREFORE:**

The above obligation is void if the Principal -

(a)(1) Performs and fulfills all the undertakings, covenants, terms, conditions, and agreements of the contract during the original term of the contract and any extensions thereof that are granted by the Government, with or without notice to the Surety(ies), and during the life of any guaranty required under the contract, and (2) performs and fulfills all the undertakings, covenants, terms, conditions, and agreements of any and all duly authorized modifications of the contract that hereafter are made. Notice of those modifications to the Surety(ies) are waived.

(b) Pays to the Government the full amount of the taxes imposed by the Government, if the said contract is subject to the Miller Act, (40 U.S.C. 270a-270e), which are collected, deducted, or withheld from wages paid by the Principal in carrying out the construction contract with respect to which this bond is furnished.

**WITNESS:**

The Principal and Surety(ies) executed this performance bond and affixed their seals on the above date.

**PRINCIPAL**

Grace & Naeem Uddin, Inc.

| | 1. | 2. | 3. | |
|---|---|---|---|---|
| SIGNATURE(S) | [signature] (Seal) | [signature] (Seal) | (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) (Typed) | Graciela Beltran-Uddin PRESIDENT | Naeem Uddin VICE PRESIDENT | | |

**INDIVIDUAL SURETY(IES)**

| | 1. | 2. |
|---|---|---|
| SIGNATURE(S) | (Seal) | (Seal) |
| NAME(S) (Typed) | | |

**CORPORATE SURETY(IES)**

| SURETY A | | | | |
|---|---|---|---|---|
| NAME & ADDRESS | Carolina Casualty Insurance Company, P.O. Box 2575, Jacksonville, FL 32202 | STATE OF INC.: FL | LIABILITY LIMIT: $ 13,663,000 | Corporate Seal |
| SIGNATURE(S) | 1. [signature] | 2. | | |
| NAME(S) & TITLE(S) (Typed) | 1. Warren M. Alter, Attorney In Fact | 2. | | |

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition not usable

STANDARD FORM 25 (REV. 5-96)
Prescribed by GSA-FAR (48 CFR) 53.228(b)

EXHIBIT "A"

ALL-STATE LEGAL

**POWER OF ATTORNEY**
**CAROLINA CASUALTY INSURANCE COMPANY**
**JACKSONVILLE, FLORIDA**

No. 282

KNOW ALL MEN BY THESE PRESENTS: that CAROLINA CASUALTY INSURANCE COMPANY ("Company") a corporation duly organized and existing under the laws of the State of Florida, having its principal office in Jacksonville, Florida, has made, constituted and appointed, and does by these presents make, constitute and appoint: Charles Jackson Nielson or Charles David Nielson or Warren Mitchell Alter or Joseph Penichet Nielson or Olga M. Nielson or Kevin Richard Wojtowicz of Nielson & Company, Inc. of Miami Lakes, FL

its true and lawful Agent and Attorney-in-Fact, with the power and authority hereby conferred in its name, place and stead, to execute, seal, acknowledge and deliver: any and all bonds and undertakings providing that no single obligation shall exceed Fifteen Million and 00/100 Dollars ($15,000,000.00)

and to bind the Company thereby as fully and to the same extent as if such bonds had been duly executed and acknowledged by the regularly elected officers of the Company at its principal office in their own proper persons.

This Power of Attorney is granted pursuant to the Minutes of the Special Meeting of the Board of Directors of Carolina Casualty Insurance Company held on March 30, 1966, to wit:

> RESOLVED: "That the following Officers of the Carolina Casualty Insurance Company, Chairman of the Board, President, Secretary and Treasurer, or either of them, are hereby authorized to execute on behalf of Carolina Casualty Insurance Company, Powers of Attorney authorizing and qualifying the Attorney-in-Fact named therein to execute bonds on behalf of the Carolina Casualty Insurance Company, and further, that the said Officers of the Company mentioned, are hereby authorized to affix the corporate seal of the said Company to Powers of Attorney executed pursuant hereto".

RESOLVED FURTHER, this Power of Attorney limits the acts of those named therein to the bonds and undertakings specifically named therein, and they have no authority to bind the company except in the manner and to the extent therein stated.

RESOLVED FURTHER, this Power of Attorney revokes all previous powers issued in behalf of the Attorney-in-Fact named above.

RESOLVED FURTHER, that the signature of any authorized officer and the seal of the Company may be affixed by facsimile to any power of attorney or certification thereof authorizing the execution and delivery of any bond, undertaking, recognizance, or other suretyship obligations of the Company; and such signature and seal when so used shall have the same force and effect as though manually affixed. The Company may continue to use for the purposes herein stated the facsimile signature of any person or persons who shall have been such officer or officers of the Company, notwithstanding the fact that they may have ceased to be such at the time when such instruments shall be issued.

IN WITNESS WHEREOF the Carolina Casualty Insurance Company has caused these presents to be signed and attested by its appropriate officers and its corporate seal hereunto affixed this 5th day of August, 2003.

SEAL

Attest:

By: [signature]
Betty C. Sutherland
Vice President and Secretary

Carolina Casualty Insurance Company

By: [signature]
Armin W. Blumberg
President and Chief Executive Officer

WARNING: THIS POWER OF ATTORNEY INVALID IF NOT PRINTED ON GREEN "MONITOR" SECURITY PAPER.

STATE OF FLORIDA)
ss
COUNTY OF DUVAL)

On this 5th day of August, 2003, before me personally came Betty C. Sutherland to me known, who, being by me duly sworn, did depose and say: that she is Secretary of Carolina Casualty Insurance Company, the Corporation described in and which executed the above instrument; and that he/she knows the seal of said Corporation; that the seal affixed to the said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said Corporation and that he/she signed his/her name thereto by like order.

IN WITNESS WHEREOF, I have hereunto set my hand ad affixed my official seal; the day and year herein first above written.

[signature]
Notary Public, State of Florida at Large

**CERTIFICATE**

I, the undersigned, Secretary of CAROLINA CASUALTY INSURANCE COMPANY, DO HEREBY CERTIFY that the foregoing is a just, true, correct and complete copy of original Power of Attorney; that the said Power of Attorney has not been revoked or rescinded and that the authority of the Attorney-in-Fact set forth therein, who executed the bond to which this Power of Attorney is attached, is in full force and effect as of this date.

Given under my hand and the seal of the Company, this 14th day of October, 2003.

SEAL

[signature]
Betty C. Sutherland, Secretary

Bond No. 089013

| PAYMENT BOND (See instructions on reverse) | DATE BOND EXECUTED (Must be same or later than date of contract): October 14, 2003 | OMB No.: 9000-0045 |
|---|---|---|

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington, DC 20405

| PRINCIPAL (Legal name and business address) | TYPE OF ORGANIZATION ("X" one) |
|---|---|
| GRACE & NAEEM UDDIN, INC.<br>5532 N.W. 72nd Avenue<br>Miami, FL 33166 | ☐ INDIVIDUAL ☐ PARTNERSHIP<br>☐ JOINT VENTURE ☒ CORPORATION<br>STATE OF INCORPORATION: Florida |

| SURETY(IES) (Name(s) and business address(es)) | PENAL SUM OF BOND: MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|---|
| Carolina Casualty Insurance Company<br>P.O. Box 2575<br>Jacksonville, FL 32202 | 6 | 836 | 182 | 00 |
| | CONTRACT DATE: 10-1-03 | CONTRACT NO.: 50-3K15-3-3600 | | |

OBLIGATION:

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS:

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

WITNESS:

The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

PRINCIPAL

Grace & Naeem Uddin, Inc.

| | 1. | 2. | 3. | |
|---|---|---|---|---|
| SIGNATURE(S) | [signature] (Seal) | [signature] (Seal) | (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) (Typed) | Graciela Beltran-Uddin PRESIDENT | Naeem Uddin VICE PRESIDENT | | |

INDIVIDUAL SURETY(IES)

| | 1. | 2. |
|---|---|---|
| SIGNATURE(S) | (Seal) | (Seal) |
| NAME(S) (Typed) | | |

CORPORATE SURETY(IES)

| SURETY A | | STATE OF INC. | LIABILITY LIMIT | |
|---|---|---|---|---|
| NAME & ADDRESS | Carolina Casualty Insurance Company, P.O. Box 2575, Jacksonville, FL 32202 | FL | $ 13,663,000 | Corporate Seal |
| SIGNATURE(S) | 1. [signature] | 2. | | |
| NAME(S) & TITLE(S) (Typed) | 1. Warren M. Alter, Attorney In Fact | 2. | | |

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition is usable

STANDARD FORM 25A (REV. 10-98)
Prescribed by GSA-FAR (48 CFR) 53.228(c)

POWER OF ATTORNEY
CAROLINA CASUALTY INSURANCE COMPANY
JACKSONVILLE, FLORIDA

No. 282

KNOW ALL MEN BY THESE PRESENTS: that CAROLINA CASUALTY INSURANCE COMPANY ("Company") a corporation duly organized and existing under the laws of the State of Florida, having its principal office in Jacksonville, Florida, has made, constituted and appointed, and does by these presents make, constitute and appoint: Charles Jackson Nielson or Charles David Nielson or Warren Mitchell Alter or Joseph Penichet Nielson or Olga M. Nielson or Kevin Richard Wojtowicz of Nielson & Company, Inc. of Miami Lakes, FL

its true and lawful Agent and Attorney-in-Fact, with the power and authority hereby conferred in its name, place and stead, to execute, seal, acknowledge and deliver: any and all bonds and undertakings providing that no single obligation shall exceed Fifteen Million and 00/100 Dollars ($15,000,000.00)

and to bind the Company thereby as fully and to the same extent as if such bonds had been duly executed and acknowledged by the regularly elected officers of the Company at its principal office in their own proper persons.

This Power of Attorney is granted pursuant to the Minutes of the Special Meeting of the Board of Directors of Carolina Casualty Insurance Company held on March 30, 1966, to wit:

> RESOLVED: "That the following Officers of the Carolina Casualty Insurance Company, Chairman of the Board, President, Secretary and Treasurer, or either of them, are hereby authorized to execute on behalf of Carolina Casualty Insurance Company, Powers of Attorney authorizing and qualifying the Attorney-in-Fact named therein to execute bonds on behalf of the Carolina Casualty Insurance Company, and further, that the said Officers of the Company mentioned, are hereby authorized to affix the corporate seal of the said Company to Powers of Attorney executed pursuant hereto".

RESOLVED FURTHER, this Power of Attorney limits the acts of those named therein to the bonds and undertakings specifically named therein, and they have no authority to bind the company except in the manner and to the extent therein stated.

RESOLVED FURTHER, this Power of Attorney revokes all previous powers issued in behalf of the Attorney-in-Fact named above.

RESOLVED FURTHER, that the signature of any authorized officer and the seal of the Company may be affixed by facsimile to any power of attorney or certification thereof authorizing the execution and delivery of any bond, undertaking, recognizance, or other suretyship obligations of the Company; and such signature and seal when so used shall have the same force and effect as though manually affixed. The Company may continue to use for the purposes herein stated the facsimile signature of any person or persons who shall have been such officer or officers of the Company, notwithstanding the fact that they may have ceased to be such at the time when such instruments shall be issued.

IN WITNESS WHEREOF the Carolina Casualty Insurance Company has caused these presents to be signed and attested by its appropriate officers and its corporate seal hereunto affixed this 5th day of August, 2003.

[SEAL]

Attest:

By: [signature]
Betty C. Sutherland
Vice President and Secretary

Carolina Casualty Insurance Company

By: [signature]
Armin W. Blumberg
President and Chief Executive Officer

WARNING: THIS POWER OF ATTORNEY INVALID IF NOT PRINTED ON GREEN "MONITOR" SECURITY PAPER.

STATE OF FLORIDA)
ss
COUNTY OF DUVAL)

On this 5th day of August, 2003, before me personally came Betty C. Sutherland to me known, who, being by me duly sworn, did depose and say: that she is Secretary of Carolina Casualty Insurance Company, the Corporation described in and which executed the above instrument; and that he/she knows the seal of said Corporation; that the seal affixed to the said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said Corporation and that he/she signed his/her name thereto by like order.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal; the day and year herein first above written.

OFFICIAL NOTARY SEAL
PATSY W CARMICHAEL
COMMISSION NUMBER
DD152087
MY COMMISSION EXPIRES
SEPT 23 2006

[signature]
Notary Public State of Florida at Large

CERTIFICATE

I, the undersigned, Secretary of CAROLINA CASUALTY INSURANCE COMPANY, DO HEREBY CERTIFY that the foregoing is a just, true, correct and complete copy of original Power of Attorney; that the said Power of Attorney has not been revoked or rescinded and that the authority of the Attorney-in-Fact set forth therein, who executed the bond to which this Power of Attorney is attached, is in full force and effect as of this date.

Given under my hand and the seal of the Company, this 14th day of October, 2003.

[SEAL]

[signature]
Betty C. Sutherland, Secretary

CORPORATE SURETY(IES) *(Continued)*

| | | | STATE OF INC. | LIABILITY LIMIT | |
|---|---|---|---|---|---|
| SURETY B | NAME & ADDRESS | | | $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY C | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY D | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY E | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY F | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY G | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |

| BOND PREMIUM | RATE PER THOUSAND ($) | TOTAL ($) |
|---|---|---|
| | 14.40/8.70/6.90/ 6.30 | $53,418.00 |

## INSTRUCTIONS

1. This form is authorized for use in connection with Government contracts. Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form, insert only the letter identification of the sureties.

(b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety, shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning their financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

CORPORATE SURETY(IES) *(Continued)*

| | | | STATE OF INC. | LIABILITY LIMIT | |
|---|---|---|---|---|---|
| SURETY B | NAME & ADDRESS | | | $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| | | | STATE OF INC. | LIABILITY LIMIT | |
| SURETY C | NAME & ADDRESS | | | $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| | | | STATE OF INC. | LIABILITY LIMIT | |
| SURETY D | NAME & ADDRESS | | | $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| | | | STATE OF INC. | LIABILITY LIMIT | |
| SURETY E | NAME & ADDRESS | | | $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| | | | STATE OF INC. | LIABILITY LIMIT | |
| SURETY F | NAME & ADDRESS | | | $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| | | | STATE OF INC. | LIABILITY LIMIT | |
| SURETY G | NAME & ADDRESS | | | $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |

## INSTRUCTIONS

1. This form, for the protection of persons supplying labor and material, is used when a payment bond is required under the Act of August 24, 1935, 49 Stat. 793 (40 U.S.C. 270a-270e). Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form, insert only the letter identification of the sureties.

(b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety, shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning their financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GRACE AND NAEEM UDDIN, INC.,
a Florida corporation,

Plaintiff,

v.

Case No.: 07-21936
CIV - Seitz / McAliley

JACOBS FACILITIES, INC.,
a Delaware corporation,

Defendant.
_________________________________________/

**DEFENDANT JACOBS FACILITIES, INC.'S INITIAL RULE 26 DISCLOSURES**

Defendant, JACOBS FACILITIES, INC., by and through its undersigned counsel, hereby provides its *Initial Disclosures*, as required by Rule 26(a)(1)-(2), Fed.R.Civ.P.

**Rule 26(a)(1). *Initial Disclosures.***

**A. The names and if known, addresses of individuals likely to have discoverable information**

At this time, Jacobs Facilities, Inc. identifies the following individuals and entities likely to have discoverable information:

Various employees and/or former employees of Jacobs Facilities, Inc., including, but not limited to:

Jules Williams, Project MOP/Executive
Geary Heinrich, Project Manager (former employee)
Wayne Leonard, Architectural
Tony Long, Structural (deceased)
Mauricio Lopez, Structural (former employee)
Eric Search, Structural (former employee)
Stace McComb, Structural

EXHIBIT
"B"

10-29-07

Matt Minajck, Mechanical/Plumbing
Beth Miller, Mechanical/Plumbing (former employee)
Anthony Pellegrino, Controls
Joes Beauncourt, Electrical (former employee)
Carlos Camacho, Electrical (former employee)
Mike Cahill, Electrical
Hector Vargas, Electrical
James Akkawi, Project Manager
Jona Wells, Fire Protection/FA/LS
Mina Roncevic, Fire Protection/FA/LS
Anthony Pellegrino, Controls
Walter Horn, Controls
Dave Jourdan, Document Control
John McKelvy, On-site Resident Inspector
Gordon Lindberg, On-site Resident Inspector
Jeff Varitek, CA
Ted Wright, Schedule Reviewer

Various employees and/or former employees of Holland Engineering, including, but not limited to:

Susan Holland, Consultant for Civil Package

Various employees and/or former employees of the United States Department of Agriculture, including, but not limited to:

William Runser, Engineering Project Manager;
Faith McNamee, Contracting Officer (during GNU contract);
Joan Baker, Contracting Officer (during GNU contract);
Regina Herchak, Contracting Officer (current);
Bob Heath, Facility Director for Subtropical Horticulture Research Station .

Various principals, employees, former employees and/or independent contractors of Grace, & Naeem Uddin, Inc., including, but not limited to:

Naeem Uddin, Principal;
Raul Cabrera, Superintendent;
Larry Rodriguez, Superintendent;
Andrew Perez, Superintendent;
Leo Ramos, Project Coordinator;
Amir Ghoury, Project Engineer.

Various principals, employees, former employees and/or independent contractors of subcontractors of Grace, & Naeem Uddin, Inc.

Various principals, employees, former employees and/or independent contractors of Carolina Surety.

Various principals, employees, former employees and/or independent contractors of the contractor hired by Carolina Surety to complete the work on the Subtropical Horticulture Research Center.

Moreover, for additional individuals likely to have discoverable information, please see the documents produced by Jacobs Facilities, Inc. in response to the Subpoena issued by GNU in the case styled Grace and Naeem Uddin, Inc. v. The United States, in the United States Court of Federal Claims, Case No.: 06-345-C.

At this time, other than the foregoing individuals and entities, Jacobs Facilities, Inc. is not aware of any individual or entity likely to possess discoverable information. Furthermore, discovery is ongoing. Jacobs Facilities, Inc. reserves the right to supplement this response once discovery is complete.

**B. A copy of, or a description by category and location, of all documents, data compilations, and tangible things that are in the possession, custody, or control of the disclosing party that the disclosing party may use to support its claims or defenses, unless solely for impeachment:**

Please see the documents produced by Jacobs Facilities, Inc. in response to the Subpoena issued by GNU in the case styled Grace and Naeem Uddin, Inc. v. The United States, in the United States Court of Federal Claims, Case No.: 06-345-C. Furthermore, discovery is ongoing. Jacobs Facilities, Inc. reserves the right to supplement this response once discovery is complete.

C. A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:

At this time, Jacobs Facilities, Inc. does not have a claim for damages against Grace and Naeem Uddin, Inc. Discovery is ongoing. Jacobs Facilities, Inc. reserves the right to supplement this response once discovery is complete.

D. For inspection and copy as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Jacobs Facilities, Inc. has an insurance policy with ACE INA Insurance Company, Policy # EOP422544. Jacobs Facilities, Inc. reserves the right to supplement this response if additional information related to insurance coverage is discovered.

Rule 26(a)(2). *Disclosure of Expert Testimony*

(A) The identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence

At this time, Jacobs Facilities, Inc. has yet to retain any expert witnesses and also does not possess a written report prepared and signed by any such witness. Jacobs Facilities, Inc. will supplement this disclosure when its testifying expert witnesses are retained.

**PLEASE TAKE NOTICE** that Jacobs Facilities, Inc. reserves its right to supplement, amend or revise the foregoing disclosures as additional information becomes available in this matter.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was served by Facsimile and U.S. Mail upon: **David R. Elder** and **Lisa N. Balkin,** Elder and Lewis, P.A., Attorneys for Plaintiff, Bayview Executive Plaza, 3225 Aviation Avenue, Suite 301, Coconut Grove, FL 33133, this 29th day of October, 2007.

A/ ANDERSON B. DOGALI
Fla. Bar No.: 0615862
adogali@forizs-dogali.com
JOEL J. EWUSIAK
Fla. Bar. No.: 0509361
jewusiak@forizs-dogali.com
FORIZS & DOGALI, P.L.
4301 Anchor Plaza Parkway, Suite 300
Tampa, FL 33634
Phone: (813) 289-0700
Facsimile: (813) 289-9435
Attorneys for JACOBS FACILITIES, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:07-21936-CIV-Seitz

GRACE AND NAEEM UDDIN, INC.,
A Florida corporation,

Plaintiff,

vs.

JACOBS FACILITIES, INC.,
A Missouri Corporation,

Defendant.

_______________________________________/

**GRACE & NAEEM UDDIN, INC.'S INITIAL RULE 26 DISCLOSURES**

Plaintiff, GRACE & NAEEM UDDIN, INC., (hereinafter "GNU") herein files its Initial Disclosure pursuant to Fed.R.Civ.P. 26(a)(1)-(2) and states as follows:

**A. The name and, if known, the address and telephone number of each individual likely to have discoverable information:**

(1) Employees and/or former employees of GRACE & NAEEM UDDIN, INC.:

Naeem Uddin
Grace & Naeem Uddin, Inc.
5532 NW 72 Avenue
Miami, Florida 33166
(305) 887-6227

Graciela Beltran-Uddin
Grace & Naeem Uddin, Inc.
5532 NW 72 Avenue
Miami, Florida 33166

EXHIBIT
"C"

10-29-07

(305) 887-6227

Raul Cabrera
Grace & Naeem Uddin, Inc.
5532 NW 72 Avenue
Miami, Florida 33166
(305) 887-6227

Andrew Perez
Grace & Naeem UDDIN, Inc.
5532 NW 72 Avenue
Miami, Florida 33166
(305) 887-6227

Victor Cortes
Grace & Naeem UDDIN, Inc.
5532 NW 72 Avenue
Miami, Florida 33166
(305) 887-6227

Raul Rodriguez
Grace & Naeem UDDIN, Inc.
5532 NW 72 Avenue
Miami, Florida 33166
(305) 887-6227

Roger Kidder-Benjamin
Grace & Naeem UDDIN, Inc.
5532 NW 72 Avenue
Miami, Florida 33166
(305) 887-6227

**Anticipated Testimony:** It is anticipated that employees of GNU will testify regarding the performance of GNU and GNU's subcontractors on the project, as well as the performance of JACOBS FACILITIES, INC. (hereinafter "JACOBS") on the project and the performance of the USDA in administering the contract.

(2) Employees and/or former employees of JACOBS FACILITIES, INC.:

Jeffrey Varitek
Jacobs Facilities, Inc.
5750 Major Boulevard
Suite 500
Orlando, FL 32819
(407) 903-5001

John McKelvy
Jacobs Facilities, Inc.
13601 Old Cutler Road
Miami, FL 33158

James Akkawi
Jacobs Facilities, Inc.

Geary Heinrich
Jacobs Facilities, Inc.

Gordon Lindberg
Jacobs Facilities, Inc.
13601 Old Cutler Road
Miami, FL 33158

Jules Williams
Jacobs Facilities, Inc.

Mauricio Lopez
Structural Engineer
Jacobs Facilities, Inc.

Wayne Leaonard
Architect
Jacobs Facilities, Inc.

**Anticipated Testimony:** It is anticipated that employees of JACOBS will testify regarding the performance of GNU and GNU's subcontractors on the project, as well as the performance of JACOBS

on the project and the performance of the USDA in administering the contract.

(3) **Employees and/or former employees of the USDA:**

Bill Runser, P.E.
Engineering Project Manager
United States Department of Agriculture
5601 Sunnyside Ave., Stop 5124
Beltsville, MD 20705-5124
(301) 504-1209

Faith McNamee
Contracting Officer
United States Department of Agriculture
5601 Sunnyside Ave., Stop 5124
Beltsville, MD 20705-5124
(301) 504-1184

Joan Baker
Contracting Officer
United States Department of Agriculture
5601 Sunnyside Ave., Stop 4-122C
Beltsville, MD 20705-5124

Vanessa Edwards
United States Department of Agriculture
1400 Independence Ave
Washington, D.C. 20250

Robert Heath
United States Department of Agriculture
1400 Independence Ave
Washington, D.C. 20250

Candace Wilson
United States Department of Agriculture
1400 Independence Ave
Washington, D.C. 20250

Brenda Wood
United States Department of Agriculture
1400 Independence Ave
Washington, D.C. 20250

**Anticipated Testimony:** It is anticipated that employees of the USDA will testify regarding the performance of GNU and GNU's subcontractors on the project, as well as the performance of JACOBS on the project and the performance of the USDA in administering the contract.

**(4) <u>Various individuals</u>:**

Jaime Gascon
Miami-Dade County
Building Code Compliance Office
140 West Flagler Street
Suite 1603
Miami, FL 33130-1563
(305) 375-2901

Ishaq Chanda, P.E.
Miami-Dade County
Building Code Compliance Office
140 West Flagler Street
Suite 1603
Miami, FL 33130
(305) 375-2901

Raul Rodriguez
Chief Product Control Division
Miami-Dade County
Building Code Compliance Office
140 West Flagler Street
Suite 1603
Miami, FL 33130
(305) 375-2901

Francisco J. Quintana, R.A.
Miami-Dade County
Building Code Compliance Office
140 West Flagler Street
Suite 1603

Miami, FL 33130
(305) 375-2901

**Anticipated Testimony:** It is anticipated that individuals from the Building Code Compliance Office will testify regarding the product approval procedure used by the Miami-Dade County Building Code Compliance Office as well as the product approval requested and obtained by GNU for the window system to be used on the project.

Dr. Humayuon Farooq, P.E.
Al-Farooq Corporation
1235 S.W. 87th Avenue
Miami, FL 33174
(305) 264-8100

**Anticipated Testimony:** It is anticipated that Dr. Farooq, or a corporate representative of Al-Farooq Corporation will testify regarding the window system specified in the project documents, as well as the product approval procedure used by the Miami-Dade County Building Code Compliance Office and the product approval requested and obtained by GNU for the window system to be used on the project.

Gerald Birnbaum
G. Birnbaum & Associates
6734 Murano Way

Lake Worth, FL 33467
(561) 966-7459

**Anticipated Testimony:** It is anticipated that Mr. Birnbaum will be asked to testify regarding the delay claim submitted by GNU due to the problems with the window system as it was specified in the project documents and the USDA's decision to require GNU to obtain approval of the window system from Miami-Dade County.

Jim Billings
Florida Power and Light
14250 SW 112 St
Miami, FL 33186

**Anticipated Testimony:** It is anticipated that Mr. Billings will testify regarding GNU the performance of GNU and/or GNU's subcontractor(s) on the project as well as any problems encountered by Florida Power and Light that caused delays and/or required corrective work due to design errors and omissions in the project documents and/or the USDA's administration of its contract with GNU.

Corporate Representative
Kewaunee Scientific Corp.
2700 West Front Street
Statesville, NC 28677-2927

**Anticipated Testimony:** It is anticipated that a corporate representative of Kewaunee Scientific Corp., will testify regarding the performance of GNU and/or GNU's subcontractor(s) on the project as well as any problems encountered by Kewaunee Scientific Corp., that caused delays and/or required corrective work due to design errors and omissions in the project documents and/or the USDA's administration of its contract with GNU.

Corporate Representative
Fisk Electric
10125 NW 116th Way
Suite 14
Medley, FL 33178
(305) 884-5311

**Anticipated Testimony:** It is anticipated that a corporate representative of Fisk Electric, will testify regarding the performance of GNU and/or GNU's subcontractor(s) on the project as well as any problems encountered by Fisk Electric that caused delays and/or required corrective work due to design errors and omissions in the project documents and/or the USDA's administration of its contract with GNU.

Corporate Representative
Pena-Alum Glass & Mirror
7831 N.W. 15 Street

Miami, FL 33126
(305) 640-1178

**Anticipated Testimony:** It is anticipated that a corporate representative of Pena-Alum Glass & Mirror, will testify regarding the performance of GNU or GNU's subcontractor(s) on the project as well as any problems encountered by Pena-Alum Glass & Mirror that caused delays and/or required corrective work due to design errors and omissions in the project documents and/or the USDA's administration of its contract with GNU, inclusive, but not limited to the problems with the design of the window system as specified in the project documents.

Troward Wells
Monitor Surety Managers, Inc.
383 Main Street
Suite 202
Chatham, NJ 07928

**Anticipated Testimony:** It is anticipated that a Mr. Wells will testify regarding the costs incurred by GNU that resulted from the USDA's decision to terminate GNU from the project.

Corporate Representative
Marlyn Steel Decks, Inc.
6808 Harney Road
Tampa, FL 33610

**Anticipated Testimony:** It is anticipated that a corporate representative of Marlyn Steel Decks, Inc., will testify regarding the performance of GNU or GNU's subcontractor(s) on the project as well as any problems encountered by Marlyn Steel Decks, Inc., that caused delays and/or required corrective work due to design errors and omissions in the project documents and/or the USDA's administration of its contract with GNU.

Corporate Representative
A&A Sheet Metal Contractor Corp.
1701 N.W. 93rd Ave.
Miami, FL 33172

**Anticipated Testimony:** It is anticipated that a corporate representative of A&A Sheet Metal Contractor Corp., will testify regarding the performance of GNU or GNU's subcontractor(s) on the project as well as any problems encountered by A&A Sheet Metal Contractor Corp., that caused delays and/or required corrective work due to design errors and omissions in the project documents and/or the USDA's administration of its contract with GNU.

Corporate Representative
Siemens
153 E 3rd St.
New York, NY 10022

**Anticipated Testimony:** It is anticipated that a corporate representative of Siemens will be asked to testify regarding the performance of GNU or GNU's subcontractor(s) on the project as well as any problems encountered by Siemens that caused delays and/or required corrective work due to design errors and omissions in the project documents and/or the USDA's administration of its contract with GNU.

Corporate Representative
Thermal Flow, Inc.
9489 S.W. 154th Ave.
Miami, FL 33195

**Anticipated Testimony:** It is anticipated that a corporate representative of Thermal Flow, Inc., will testify regarding the performance of GNU or GNU's subcontractor(s) on the project as well as any problems encountered by Thermal Flow, Inc., that caused delays and/or required corrective work due to design errors and omissions in the project documents and/or the USDA's administration of its contract with GNU.

Corporate Representative
JP Plumbing, Inc.
4421 SW 75th Avenue, #17
Miami, FL 33155

**Anticipated Testimony:** It is anticipated that a corporate representative of J. P. Plumbing, Inc., will testify regarding the performance of GNU or GNU's subcontractor(s) on the project as well as any problems encountered by J. P. Plumbing, Inc., that caused delays and/or required corrective work due to design errors and omissions in the project documents and/or the USDA's administration of its contract with GNU.

Corporate Representative
Creative Masonry
16950 S.W. 90th Ave.
Palmetto Bay, FL. 33157

**Anticipated Testimony:** It is anticipated that a corporate representative of Creative Masonry will testify regarding the performance of GNU or GNU's subcontractor(s) on the project as well as any problems encountered by Creative Masonry that caused delays and/or required corrective work due to design errors and omissions in the project documents and/or the USDA's administration of its contract with GNU.

Corporate Representative
Metal Roofing & Hardie Siding
805 W. Broward Boulevard
Ft. Lauderdale, FL 33312
(954) 763-7200

**Anticipated Testimony:** It is anticipated that a corporate representative of Sabon will testify regarding the performance of GNU or GNU's subcontractor(s) on the project as well as any problems encountered by Sabon that caused delays and/or required corrective work due to design errors and omissions in the project documents and/or the USDA's administration of its contract with GNU.

Corporate Representative
Thyssen Krupp
1995 N. Park Place Suite 370
Atlanta, GA 30339

**Anticipated Testimony:** It is anticipated that a corporate representative of Thyssen Krupp will testify regarding the performance of GNU or GNU's subcontractor(s) on the project as well as any problems encountered by Thyssen Krupp that caused delays and/or required corrective work due to design errors and omissions in the project documents and/or the USDA's administration of its contract with GNU.

Corporate Representative
Alex Fire Protection
13280 S.W. 131 St. Unit 110
Miami, FL 33186

**Anticipated Testimony:** It is anticipated that a corporate representative of Alex Fire Protection will testify regarding the performance of GNU or GNU's subcontractor(s) on the project as well as any problems encountered by Alex Fire Protection that caused delays and/or required corrective work due to design errors and omissions in the project documents and/or the USDA's administration of its contract with GNU.

Aslam Dangra

**Anticipated Testimony:** It is anticipated that Mr. Dangra will testify regarding the performance of GNU or GNU's subcontractor(s) on the project as well as any problems encountered by GNU and/or GNU's subcontractors that caused delays and/or required corrective work due to design errors and omissions in the project documents and/or the USDA's administration of its contract with GNU. Mr. Dangra's testimony will focus on the Mechanical, HVAC, plumbing, fire sprinklers and controls.

Bob Golden
Surety and Construction Consultant
110 S. Hoover Blvd #202

Tampa, FL 33609

**Anticipated Testimony:** It is anticipated that Mr. Golden will testify regarding the costs associated with the completion of the project. This shall include the increased cost to the project after the USDA's decision to terminate GNU.

Corporate Representative
A²
126 Evernia St.
Jupiter, FL 33458

**Anticipated Testimony:** It is anticipated that the corporate representative of A² will testify regarding the costs associated with the completion of the project. This shall include the increased cost to the project after the USDA's decision to terminate GNU.

(B) A copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:

GNU's Project documents are located at GNU's office at 5532 NW 72 Avenue in Miami, Florida. All of the documents in GNU's possession are kept in three ring binders at their office.

(C) A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:

The total amount of damages being sought by GNU is not certain at this time. GNU was owed $275,804.48 for the work in place at the time GNU was terminated. In addition, the cost to complete the Project increased due to the wrongful termination of GNU. GNU will be liable to their Surety to reimburse these costs due to an indemnification agreement and is seeking to recover these costs from JACOBS, as they were directly caused by the wrongful termination of GNU.

**Rule 26(a)(2) Disclosure of Expert Testimony.**

(A) The identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

Aside from previously disclosed witnesses, at this time, GNU has yet to retain any expert witnesses and does not possess a written report prepared and signed by any such witness. GNU

will supplement this disclosure when its testifying witnesses are retained.

LISA N. BALKIN
Elder & Lewis, P.A.
Bayview Executive Plaza, Suite 301
3225 Aviation Avenue
Coconut Grove, FLA 33133
Tel: (786) 314-5155
Fax: (503) 314-5811

October 29, 2007

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GRACE AND NAEEM UDDIN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-345C |
| v. | ) | (Senior Judge Bruggink) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant submits the following responses to plaintiff's first set of interrogatories.

Interrogatory No. 1. Please identify the name, telephone number, and current address of the individual(s) answering and/or assisting in the preparation of these responses to the following interrogatories, and if applicable, state the person's official position or relationship to the USDA.

Answer to Interrogatory No. 1.

a. William R. Runser, P.E.
USDA, ARS, AFM, Facilities Division
5601 Sunnyside Avenue, Mail Stop 5123
Beltsville, MD 20705
Title: Engineering Project Manager (EPM)

b. Regina M. Herchak
USDA, ARS, AFM, Facilities Division
5601 Sunnyside Avenue
Beltsville, MD 20705
Work Phone: (301) 504-1179
Title: Contracting Officer

c. James E. Akkawi
1100 North Glebe Road, Suite 500
Arlington, VA 22201

EXHIBIT
"D"

Work Phone: (571) 218-1272
Title: Director - Construction Administration Services

Interrogatory No. 2. Please identify and list the business address, job title, and department of all persons who participated in making the decision to terminate GNU from the Project.

Answer to Interrogatory No. 2.

a. William R. Runser, EPM
USDA, ARS, AFM, Facilities Division
5601 Sunnyside Avenue, Mail Stop 5123
Beltsville, MD 20705

b. Faith A. McNamee, Contracting Officer
USDA, ARS, AFM, Acquisition & Property Division
5601 Sunnyside Avenue, Mail Stop 5116
Beltsville, MD 20705

c. Joan M. Baker, Contracting Officer (Retired)
10-A Southway
Greenbelt, MD 20770

d. Brenda A. Wood, Chief, Facilities Contracts Branch
USDA, ARS, AFM, Facilities Division
5601 Sunnyside Avenue, Mail Stop 5123
Beltsville, MD 20705

e. Louis S. Welker, Chief, Facilities Engineering Branch
USDA, ARS, AFM, Facilities Division
5601 Sunnyside Avenue, Mail Stop 5123
Beltsville, MD 20705

f. Valencia M. Winstead, Deputy Director - Design & Construction (now working at USDA, Office of Operations)
Business Address for Valencia M. Winstead:
USDA, OO, Design & Construction Division
14th & Independence Ave., S.W.
Room 1356, South Building
Washington, DC 20250

g. Patrick G. Barry, Director, Facilities Division
USDA, ARS, AFM, Facilities Division
5601 Sunnyside Avenue, Mail Stop 5123
Beltsville, MD 20705

h. Robert R. Heath, Research Leader, Subtropical Horticulture Research Station (SHRS)
USDA, ARS, SAA
Subtropical Horticulture Research Station
13601 Old Cutler Rd.
Miami, FL 33158

Interrogatory No. 3. Please list the identity and business address of all individuals or entities that performed site inspections on behalf of the USDA on the Project.

Answer to Interrogatory No. 3.

a. William R. Runser, EPM
Faith A. McNamee, Contracting Officer
Joan M. Baker, Contracting Officer
Regina M. Herchak, Contracting Officer
Robert R. Heath, Research Leader, SHRS

b. Gordon Lindberg (10/2003 - 05/2004)
Jacobs Facilities Inc.
11000 North Glebe Road, Suite 500
Arlington, VA 22201

c. John McKelvy (05/2004 - 11/2007)
Jacobs Facilities Inc.
P.O. Box 6310
El Paso, TX 79006

Interrogatory No. 4. Please list the identity and business address of all individuals or entities that contributed to the design of the Project. When referring to an individual state their job title and department.



DEC-07-2007 11:09 DOJ P.004

Answer to Interrogatory No. 4.

a. Jacobs Facilities Inc. (JFI)
5759 Major Boulevard ,Suite 400
Orlando, FL 32819

Geary Heinrich (no longer employed by JFI), Design Project Manager
Wayne Leonard, Senior Project Architectural
Tony Long (deceased), Senior Structural Engineer
Mauricio Lopez (no longer employed by JFI), Structural Engineer
Eric Search (no longer employed by JFI), Structural Engineer
Stace McComb (no longer employed by JFI), Structural Engineer
Matt Minjack, Mechanical/Plumbing
Beth Miller (no longer employed by JFI), Mechanical/Plumbing
Joe Betancourt (no longer employed by JFI), Electrical
Carlos Camacho (no longer employed by JFI), Electrical
Mike Cahill, Electrical
Hector Vargas, Electrical

b. Jacobs Facilities Inc.
1100 North Glebe Road, Suite 500
Arlington, VA 22201

Jules Williams, Manager of Projects
Jona Wells, Fire Protection/FA/LS
Mina Roncevic, Fire Protection/FA/LS
Anthony Pellegrino, Controls
Walter Horn, Controls

c. Holland Engineering Inc.
111 South 21 Avenue
Hollywood, FL 33020

Susan C. Holland, PE, Civil Engineering Consultant

Interrogatory No. 5. Please describe the role of JACOBS with regard to design, supervision, and inspections of the Project.

Answer to Interrogatory No. 5.

Please refer to the Project Requirement Section J - Attachment "I," issued by defendant for the USDA Miami Consolidation Project (D004730-D004732)[1].

Interrogatory No. 6. Please describe the role of Bill Runser with regard to the planning, design, and supervision during the construction of the Project.

Answer to Interrogatory No. 6. William Runser was not involved during the planning or design of the Project. During construction of the Project, his role was that of Engineering Project Manager (EPM) or Contracting Officer's Representative (COR), where he served in an advisory capacity for technical matters.

Interrogatory No. 7. Please describe, in detail, the window system that was originally contemplated by the USDA on the Project.

Answer to Interrogatory No. 7. A detailed description of the window system originally contemplated by USDA is contained in Specification 08520 dated February 28, 2002 (D001627-D001631).

Interrogatory No. 8. Please list the identity and business address of all individuals and/or entities that contributed to the design of the original window system on the Project. When referring to an individual state their job title and department.

Answer to Interrogatory No. 8.

Jacobs Facilities Inc.
5759 Major Boulevard ,Suite 400

---

[1] Where appropriate, records containing responsive material are referenced by their Bates-stamp numbers. See RCFC 33(d). These documents were previously provided to GNU.

Orlando, FL 32819

Geary Heinrich (no longer employed by JFI), Design Project Manager
Wayne Leonard, Senior Project Architectural
Tony Long (deceased), Senior Structural Engineer
Mauricio Lopez (no longer employed by JFI), Structural Engineer
Eric Search (no longer employed by JFI), Structural Engineer
Stace McComb (no longer employed by JFI), Structural Engineer

Interrogatory No. 9. Please list the identity, job title, department, and business address of all the individuals who determined or assisted in determining that the Government had no Responsible Time Impact Delay in regard to GNU's Time Impact Analyses regarding "Location of Sewer Line," "Sewer Line Material," Tree Removal, and "Windows" pursuant to Joan M. Baker's July 6, 2005 letter to Naeem Uddin.

Answer to Interrogatory No. 9.

John McKelvy (05/2004 - 11/2007), Resident Inspector
Jacobs Facilities Inc.
P.O. Box 6310
El Paso, TX 79006

Robert R. Heath, Research Leader, Subtropical Horticulture Research Station
USDA, ARS, SAA
Subtropical Horticulture Research Station
13601 Old Cutler Rd.
Miami, FL 33158

Joan M. Baker, Contracting Officer (Retired)
10-A Southway
Greenbelt, MD 20770

William R. Runser, EPM
USDA, ARS, AFM, Facilities Division
5601 Sunnyside Avenue, Mail Stop 5123
Beltsville, MD 20705

Jeffrey Varitek, Contract Administration Manager
Jacobs Facilities Inc.
5759 Major Boulevard ,Suite 400

Orlando, FL 32819

James E. Akkawi, Director - Construction Administration Services
1100 North Glebe Road, Suite 500
Arlington, VA 22201
Work Phone: (571) 218-1272

Ted Wright, Principal
CTW & Associates, Inc.
2233 Chadds Creek Drive
Marietta, GA 30062

<u>Interrogatory No. 10</u>. Joan Baker's July 6, 2005 letter to Naeem Uddin states: "[i]t has been determined that [windows] had no Government-Responsible Time Impact Delay (TIA) on the contract." Please state all facts supporting this statement.

<u>Answer to Interrogatory No. 10</u>. As stated in the July 6, 2005 letter from Joan Baker to Naeem Uddin (D000015-D000019), the Government determined that it had no responsible time impact delay on the contract for the location of the sewer line, sewer line material, tree removal, and the window system. Facts and analysis supporting this conclusion for the window system are located in documents D000062-D000066, and D001578-D001671.

<u>Interrogatory No. 11</u>. Joan Baker's July 6, 2005 letter to Naeem Uddin states: "[i]t has been determined that [location of sewer line] had no Government-Responsible Time Impact Delay (TIA) on the contract." Please state all facts supporting this statement.

<u>Answer to Interrogatory No. 11</u>. As stated in the July 6, 2005 letter from Joan Baker to Naeem Uddin (D000015-D000019), the Government determined that it had no responsible time impact delay on the contract for the location of the sewer line, sewer line material, tree removal, and the window system. Facts and analysis supporting this conclusion for the location of the sewer line are located in documents D000062-D000103.

Interrogatory No. 12. Joan Baker's July 6, 2005 letter to Naeem Uddin states: "[i]t has been determined that [sewer line material] had no Government-Responsible Time Impact Delay (TIA) on the contract." Please state all facts supporting this statement.

Answer to Interrogatory No. 12. As stated in the July 6, 2005 letter from Joan Baker to Naeem Uddin (D000015-D000019), the Government determined that it had no responsible time impact delay on the contract for the location of the sewer line, sewer line material, tree removal, and the window system. Facts and analysis supporting this conclusion for the sewer line material are located in documents D000062-D000103.

Interrogatory No. 13. Joan Baker's July 6, 2005 letter to Naeem Uddin states: "[i]t has been determined that [tree removal] had no Government-Responsible Time Impact Delay (TIA) on the contract." Please state all facts supporting this statement.

Answer to Interrogatory No. 13. As stated in the July 6, 2005 letter from Joan Baker to Naeem Uddin (D000015-D000019), the Government determined that it had no responsible time impact delay on the contract for the location of the sewer line, sewer line material, tree removal, and the window system. Facts and analysis supporting this conclusion for tree removal are located in documents D000062-D000103.

Interrogatory No. 14. Please list the identity and business address of all entities or individuals that contributed to the design of the original roofing system on the Project. When referring to an individual state their job title and department.

Answer to Interrogatory No. 14.

Jacobs Facilities Inc.
5759 Major Boulevard ,Suite 400
Orlando, FL 32819

Geary Heinrich (no longer employed by JFI), Design Project Manager
Wayne Leonard, Senior Project Architectural
Tony Long (deceased), Senior Structural Engineer
Mauricio Lopez (no longer employed by JFI), Structural Engineer
Eric Search (no longer employed by JFI), Structural Engineer
Stace McComb (no longer employed by JFI), Structural Engineer

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

FRANKLIN E. WHITE, JR.
Assistant Director

ARMANDO A. RODRIGUEZ-FEO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor,
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-3390
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL

MARK G. GARRETT
United States Department of Agriculture
Deputy Assistant General Counsel
14th and Independence Avenue, S.W.
Washington, D.C. 20250-1415

December 7, 2007



DEC-07-2007 11:10 DOJ P.010

## VERIFICATION

I declare under penalty of perjury that the answers to these interrogatories were either based upon my personal knowledge or from information that I obtained through my review of documents in the record or from the persons listed in response to the first interrogatory, and that these answers are accurate and complete to the best of my knowledge.

12-6-2007
Date

REGINA M. HERCHAK
Contracting Officer
USDA, ARS, AFM, Facilities Division

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 7th day of December 2007, I caused to be placed in the United States mail (first-class mail, postage prepaid) and transmitted via facsimile a copy of "DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES" addressed as follows:

David R. Elder, Esq.
Peter Rowell, Esq.
Elder & Lewis, P.A.
Bayview Executive Plaza
3225 Aviation Avenue, Suite 301
Coconut Grove, FL 33133