IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GRACE AND NAEEM UDDIN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-345C |
| v. | ) | (Judge Bruggink) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
TO UTILIZE DEPOSITIONS IN CASE NO. 07-21936-CIV-SEITZ

Defendant, the United States, respectfully opposes plaintiff, Grace and Naeem Uddin, Inc.'s ("GNU"), motion to compel the Government to conduct joint depositions with counsel in another unrelated case currently docketed in the United States District Court, Southern District of Florida, Grace and Naeem Uddin, Inc. v. Jacobs Facilities, Inc., No. 07-21936. On March 14, 2008, GNU filed its Motion to Utilize Deposition in Case No. 07-21936-CIV-Seitz. The motion is poorly named because it has nothing to do with utilizing depositions in another case before this Court. [1]

[1] Whether the depositions taken by GNU in this case will be admissible against Jacobs in the district court case is a matter reserved for the district court and not what GNU is seeking from this Court. See, generally, Hub v. Sun Valley Co., 682 F.2d 776, 777 (9th Cir. 1982) (court discusses other cases where depositions taken in one case were used in another).

On March 19, GNU propounded three notices of deposition pursuant to Rule 30 of the Rules of the United States Court of Federal Claims ("RCFC") upon the Government. Exhibit A to this Response. GNU seeks to depose two current Government employees and one retired Government employee. Id.

The heart of GNU's motion is that this Court should require the Government to permit counsel for the defendant in another case, in which GNU (but not the United States) is also a party, to participate in the depositions noticed for this case so that such depositions may also be used in the district court case. Pl. Mot. 15.

GNU argues that because the case in the district court involves the overlap of witnesses and issues with this case, this Court should require that the depositions for these cases be taken simultaneously. Pl. Mot. 5. We disagree. The defendants in both this case and the district court litigation are entirely different and may even have adverse interests. Moreover, the complaint in this Court is based upon the Government's decision to terminate GNU for default as a result of its inability to meet deadlines, while the district court complaint alleges professional negligence upon the part of Jacobs Facilities, Inc. ("Jacobs"), which sounds in tort.[2] Exhibit A, Pl. Mot. at 3.

[2] Jacobs was the architectural-engineering firm employed by the Government in the project that GNU was terminated from.

GNU'S REQUEST SHOULD BE DENIED

- By its terms, the rules of discovery concern the parties to the instant litigation. RCFC 26. A deposition may be taken by a party upon another person. RCFC 30.

- As stated earlier, to the extent that GNU wishes to use the deposition of Government witnesses taken in this case in the district court case, that question is for the district court to resolve. See Fn. 1.

- Under GNU's proposal, both it and Jacobs, a non-party, would be examining the Government's witnesses. Jacobs, as a non-party to the instant case, has no right to do this. For example, in the district court case where the Government is not a party, Jacobs and GNU would not be able to obtain testimony from present and former Government employees without compliance with the agency Touhy regulations. See 7 C.F.R. § 1.210-219. These Touhy regulations govern the conditions and procedures by which their employees may testify about work-related issues. See United States ex rel. Touhy v. Ragen, 340 U.S. 462, 468 (1951). Accordingly, counsel for GNU and Jacobs cannot circumvent Federal law for the sake of saving their clients' money and expediency.

In comparison to the potential issues involved with adopting GNU's suggestion, the alternative of requiring Jacobs and GNU to subpoena present and

former Government witnesses for their case in the district court will serve the needs of the parties in this case far better.

## CONCLUSION

Whether or not Jacobs and GNU have agreed to permit the use of the depositions taken in the instant case as substantive evidence in the district court case is a matter for that court, not this one to resolve. The only question for this Court to resolve is whether this Court can order the Government to provide its witnesses in this action to a non-party through a joint deposition. GNU has offered no legal support, and we have found none, which would permit the Court to order the Government to provide witnesses to be deposed by non-parties.

For the foregoing reasons, the Court should deny GNU's motion to use the deposition of this case in Case No. 0721936-CIV-Seitz.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

s/Armando A. Rodriguez-Feo
ARMANDO A. RODRIGUEZ-FEO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-3390
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL

MARK G. GARRETT
U.S. Department of Agriculture
Deputy Assistant General Counsel
14th and Independence Avenue, S.W.
Washington, D.C. 20250-1415

March 26, 2008

CERTIFICATE OF FILING

I hereby certify that on this 26th day of March, 2008, a copy of the foregoing "DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO UTILIZE DEPOSITIONS IN CASE NO. 07-21936-CIV-SEITZ" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Armando Rodriguez-Feo