IN THE UNITED STATES COURT OF FEDERAL CLAIMS

CASE NO.: 06-345-C

JUDGE: ERIC G. BRUGGINK

GRACE AND NAEEM UDDIN INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

_____________________________________/

**PLAINTIFF, GRACE AND NAEEM UDDIN, INC.'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO UTILIZE DEPOSITIONS IN CASE NO. 07-21936-CIV-SEITZ**

Plaintiff, GRACE AND NAEEM UDDIN, INC., (hereinafter "GNU"), by and through undersigned counsel and pursuant to the applicable Rules of the United States Court of Federal Claims, hereby files Plaintiff, Grace and Naeem Uddin, Inc.'s Reply to Defendant's Opposition To Plaintiff's Motion To Utilize Depositions in Case No.: 07-21936-CIV-Seitz, and in support states as follows:

**BACKGROUND**

1. On or about March 14, 2008 GNU filed its Motion to Utilize Depositions in the case styled *Grace and Naeem Uddin, Inc. v. Jacobs Facilities, Inc.,* Case No. 07-21936-CIV-Seitz. In

*Grace and Naeem Uddin, Inc. v. Jacobs Facilities, Inc.* GNU is suing the USDA project architect for professional malpractice in United States District Court for the Southern District of Florida.

2. Because the facts, witnesses, and issues in GNU's case against the U.S. and GNU's case against Jacobs have virtually complete overlap, GNU requests that the depositions be conducted once with all counsel for all parties present.

**THIS HONORABLE COURT POSSESSES AUTHORITY TO ALLOW JOINT DEPOSITIONS**

3. Rule 1 of the Rules of the United States Court of Federal Claims, states in pertinent part, that the Rules "…shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.

4. Furthermore, pursuant to RCFC 83(b)[a], "[a] judge may regulate practice in any manner consistent with federal law or rules adopted under 28 U.S.C. § 2072 or 2503(b)." The comment to Rule 83 indicates that this Honorable Court possesses "…authority to regulate practice in an individual case, so long as that practice is consistent with federal law and rules."

5. It is well established that "…the deposition-discovery rules are to be accorded a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (U.S. 1947). Furthermore, it is not

a ground for refusing an examination that the testimony sought might be used in another action. *De Seversky v. Republic Aviation Corporation*, 2 F.R.D. 183 (E.D.N.Y. 1941).

6. GNU seeks to depose each relevant witness once in a common deposition with Jacobs counsel present. The USDA seeks to depose each relevant witness twice – once in the Jacobs matter and once in the USDA matter.

7. Because the heart of the United States Rules of Court of Federal Claims supports the just, speedy, and inexpensive determination of every action, this Honorable Court possesses the authority to require the U.S. to perform joint depositions.

**THE U.S. WOULD NOT BE PREJUDICED IN ANY CAPACITY BY JOINT DEPOSITIONS**

8. By conducting joint depositions GNU (and every other party) would have *the opportunity* for the deposition to be admitted more readily and with much greater potential scope in each respective case because all counsel would be present for all depositions whether a Jacobs representative, a USDA representative, a GNU representative or a non-party were being deposed.

9. Because the facts, witnesses, and issues are the same in both cases, the scope of discovery covers the same facts and

issues in both cases (e.g. how was GNU wrongfully terminated and what role did Jacob's negligence play regarding the same).

10. USDA will face the same issues, with the same deponents whether the depositions are joint or separate, GNU simply requests that common witnesses be noticed in both cases and taken once as opposed to twice.

11. Because the scope of discovery is equal in both cases and the U.S. will face the same issues – whether in joint depositions or separate depositions – the U.S. will not experience prejudice or loss of any right by conduct of depositions jointly.

**GNU WILL COMPLY WITH THE TOUGHY REGULATIONS TO THE EXTENT REQUIRED**

12. The Toughy regulations indicate the procedure under which U.S.D.A. employees may be deposed in various circumstances. (See Defendant's Opposition To Plaintiff's Motion to Utilize Depositions In Case No. 07-21936-CIV-Seitz).

13. GNU will comply with the Toughy regulations and any other relevant procedures, to the extent that they apply to any depositions noticed in the GNU v. Jacobs matter respect to a joint deposition.

14. Moreover, the Toughy regulations would apply only to representatives or employees of the USDA. 7 C.F.R. Sections

1.210 – 1.219. They would not apply to representatives of Jacobs Facilities, a private entity.

15. Therefore, the fact that GNU may be required to comply with regulations governing the deposition of USDA employees is not an impediment to joint depositions.

**WHEREFORE**, the Plaintiff, GRACE AND NAEEM UDDIN, INC., requests this Honorable Court to grant Plaintiff, Grace and Naeem Uddin, Inc.'s Motion to Utilize Depositions in Case No.: 07-21936-CIV-Seitz to the extent the joint use does not infringe upon the Toughy regulations.

Respectfully submitted,

s/ David R. Elder
Attorney for Plaintiff
DAVID R. ELDER
Elder & Lewis, P.A.
Bayview Executive Plaza, Suite 301
3225 Aviation Avenue
Coconut Grove, FLA 33133
Tel: (786) 314-5155
Fax: (503) 314-5811

**CERTIFICATE OF FILING**

I hereby certify that on April 7, a copy of the foregoing "PLAINTIFF, GRACE AND NAEEM UDDIN, INC.'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO UTILIZE DEPOSITIONS IN CASE NO. 07-21936 CIV SEITZ was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David R. Elder
Attorney for Plaintiff
DAVID R. ELDER
Elder & Lewis, P.A.
Bayview Executive Plaza, Suite 301
3225 Aviation Avenue
Coconut Grove, FLA 33133
Tel: (786) 314-5155
Fax: (503) 314-5811