IN THE UNITED STATES COURT OF FEDERAL CLAIMS

CASE NO.: 06-345-C

JUDGE: ERIC G. BRUGGINK

GRACE AND NAEEM UDDIN INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

_____________________________________/

**AMENDED COMPLAINT**

Plaintiff, GRACE AND NAEEM UDDIN, INC., (hereinafter "GNU"), by and through undersigned counsel, herein sues Defendant, THE UNITED STATES by and through the UNITED STATES DEPARTMENT OF AGRICULTURE, (hereinafter "USDA") and in support states as follows:

**NATURE OF THE ACTION**

1. This is an action for breach of contract.

**JURISDICTION AND VENUE**

2. This is an action is for breach of contract and is a direct appeal of a Contracting Officer's decision(s).

3. This Court has jurisdiction over the subject matter of this action pursuant to 41 § 609 (a) (1) U.S.C.A., 41 § 609 (3) U.S.C.A.

4. Plaintiff GNU is a Florida Corporation.

5. At all times relevant to this action, GNU's principal place of business was located in Miami-Dade County.

6. Defendant the United States is subject to the jurisdiction of this Court arising out of a contract entered into by its administrative agency, the United States Department of Agriculture.

7. GNU has performed all conditions precedent to the bringing of this action, or such conditions have been waived or otherwise excused.

8. GNU has been forced to retain the undersigned law firm and has agreed and is obligated to pay reasonable attorney's fees for its services.

**COUNT I - BREACH OF CONTRACT**

9. GNU incorporates Paragraphs 1 through 8 above as if fully set forth herein.

10. On or about October 1, 2003, GNU entered into a Contract Agreement with the USDA pursuant to which GNU would provide labor, materials, equipment and services necessary for the construction of a facility commonly known as the Subtropical

Horticulture Research Center (hereinafter “PROJECT”), located in Miami-Dade County, Florida.

11. The Contract was administered pursuant to the Federal Acquisition Regulations. The F.A.R. are too voluminous to attach, but upon information and belief are in the possession of defendant and are incorporated herein.

12. Pursuant to the contract, the USDA was required to provide GNU with plans and specifications that detailed the work required for the construction of the PROJECT. The plans and specifications are too voluminous to attach but upon information and belief are in the possession of the Defendant and are incorporated herein.

13. The plans and specifications were deficient with respect to numerous aspects of the PROJECT.

14. On or about March 15, 2004, GNU raised issues and concerns relating to the plans and specifications in a meeting with the USDA and JACOBS FACILITIES INC., the PROJECT Architect.

15. Among the issues raised by GNU was that no available window system satisfied all of the requirements included in the plans and specifications.

16. GNU hired a consultant to determine possible solutions to the problems it faced with the window system as specified in the plans and specifications.

17. The USDA and JACOBS FACILITIES INC., the Architect and Owner's representative on the PROJECT, chose a window system from five options provided by GNU's consultant.

18. The selected window system required GNU to modify an existing window system and seek Miami-Dade County approval prior to installing the new window system on the PROJECT.

19. The required modification and Miami-Dade County approval of the window system delayed the PROJECT.

20. The required modification and Miami-Dade County approval of the window system added to the cost of the PROJECT.

21. The USDA and JACOBS FACILITIES INC., were notified of the increasing time and costs associated with the required modification and Miami-Dade County approval prior to selecting the window system.

22. Pursuant to the Federal Acquisition Regulations, GNU is entitled to a change of contract price and extension of contract time resulting from the window system modification.

23. On or about February 2, 2005 GNU submitted a Request for Change Order for a time extension of 149 days and additional costs associated with additional work required to modify the window system. A copy of the Request for Change Order is attached hereto as **EXHIBIT "A".**

24. Prior to submitting the change request, GNU submitted a time impact analysis to the USDA. A copy of the time impact analysis is attached hereto as **EXHIBIT "B."**

25. On or about April 29, 2005 the USDA responded to GNU's change request and materially breached the Contract Agreement by failing to approve GNU'S change request. A copy of the USDA's response is attached hereto as **EXHIBIT "C".** The Contracting Officer stated:

> RCO-34 and NOC-003, received February 8, 2005,in the amount of $356,660, is *denied*.
>
> You are referred to Federal Acquisition Regulation (FAR) 52.233-1, Disputes, for claim filing procedures, if the Government's position on this issue is to be disputed. A claim by the Contractor must be writing. You are reminded that a written demand or written assertion by the Contractor seeking the payment of money *exceeding* $100,000, is not a claim under the Act until *certified.*

26. In addition to the delays caused by the window system, GNU suffered additional delays due to errors and omissions in plans and specifications.

27. The problems GNU experienced resulting from the plan and specification deficiencies include but are not limited to:

a. The Roof System

b. Roof Deck Design

c. Acid Piping

d. Power to the Lift Stations

e. The Layout of Sewer Mains

f. The Finish Floor Elevation

28. GNU submitted other change orders and requested other time extensions that the USDA declined.

29. The plans and specifications included requirements for a roofing system that could not be satisfied by any existing products.

30. The plans and specifications included a roof deck design that did not satisfy wind pressure requirements.

31. The plans and specifications included instructions for the installation of Acid Piping that required numerous revisions.

32. The plans and specifications did not properly specify how GNU was expected to supply power to the lift stations.

33. The plans and specifications for the sewer main conflicted with existing utilities and landscaping at the PROJECT.

34. The USDA and JACOBS FACILITIES INC., failed to promptly resolve this issue, creating additional delays to the PROJECT.

35. The plans and specifications were deficient with respect to the finish floor elevation.

36. GNU requested 496 days due to the insufficient plans and specifications on the PROJECT. (149 days due to the window system and an additional 347 days related to other issues).

37. In an attempt to mitigate delay GNU continually submitted Requests for Information from JACOBS FACILITIES INC., on the PROJECT.

38. JACOBS FACILITIES INC., failed to respond in a timely manner to GNU's Requests for Information.

39. Despite GNU's efforts to reduce delays, the USDA Contracting Officer terminated GNU from the Project on or about August 2, 2005. See **EXHIBIT "D."**

40. GNU's progress to that date was substantial but the USDA refused to consider a letter sent on July 27, 2006 by counsel for GNU that detailed GNU's progress. See **EXHIBIT "E."**

41. The Contracting Officer did not take into consideration the delays to the PROJECT that were beyond the control of GNU.

42. The Contracting Officer did not consider the impact of erroneously denied change order requests prior to finding GNU in default.

43. Monitor Surety Managers, Inc., on behalf of GNU's Surety, CAROLINA CASUALTY of AMERICA, requested the USDA to reconsider the decision to terminate GNU because of the

substantial delays it would cause to the completion of the PROJECT. See **EXHIBIT "F."**

44. The USDA proceeded with termination despite notice from Monitor Surety Managers, Inc., on behalf of CAROLINA CASUALTY of AMERICA, that this would cause unnecessary delays to the PROJECT. See **Exhibit "F."**

45. The cost to complete the PROJECT increased due to the USDA Contracting Officer's decision to terminate GNU.

46. The time to complete the PROJECT was increased due to the USDA decision to terminate GNU.

47. After the USDA terminated GNU, CAROLINA CASUALTY of AMERICA entered into a Takeover Agreement with the USDA. An unexecuted copy of the Takeover Agreement is attached hereto as **EXHIBIT "G."** Upon information and belief this is an accurate copy of the actual agreement between CAROLINA CASUALTY of AMERICA and the USDA and the USDA has a copy of the actual agreement.

48. GNU is liable to CAROLINA CASUALTY of AMERICA through an indemnification agreement for any costs that exceed the original contract price plus approved change orders. A copy of the indemnification agreement is attached hereto as **EXHIBIT "H."**

49. CAROLINA CASUALTY of AMERICA requested retaining GNU as its replacement contractor to finish the work remaining to close out the PROJECT.

50. The USDA refused CAROLINA CASUALTY of AMERICA’s request to retain GNU as its replacement contractor.

51. CAROLINA CASUALTY of AMERICA secured new contracts to finish the work remaining to close out the Project.

52. CAROLINA CASUALTY of AMERICA was forced to pay higher prices under the new subcontract agreements between SURETY and the subcontractors.

53. The cost to complete the PROJECT increased directly due to the USDA Contracting Officer’s decision not to accept GNU as CAROLINA CASUALTY of AMERICA’s replacement contractor.

54. The time to complete the PROJECT was extended as a consequence of the USDA’s failure to accept GNU as CAROLINA CASUALTY of AMERICA’s replacement contractor.

55. The USDA’s failure to approve time extension requests and change order requests, the decision to terminate GNU and the inapplicable grounds for termination are all material breaches of the contract.

56. GNU is liable to CAROLINA CASUALTY of AMERICA for reasonable costs in excess of the contract amount pursuant to the attached **Exhibit “H.”**

57. On or about November 7, 2007 GNU submitted a certified claim for one million six hundred fifty six thousand sixty one dollars and fifty cents ($1,656,061.50) in monetary damages to the USDA contracting officer responsible for the Subtropical Horticultural Research Center. A copy of GNU's certified claim is attached hereto as **EXHIBIT "I."**

58. GNU's monetary damages of one million six hundred fifty six thousand sixty one dollars and fifty cents ($1,656,061.50) reflect the amounts GNU paid to the surety in completion of the Project.

59. GNU's certified claim alleges the same factual and legal bases that give rise to this action.

60. On or about April 23, 2008, GNU's certified claim was denied in its entirety by the USDA contracting officer. A copy of the contracting officer's denial letter is attached hereto as **EXHIBIT "J."**

61. GNU is entitled to monetary damages as a direct and proximate cause of the USDA's wrongful termination in the amount of one million six hundred fifty six thousand sixty one dollars and fifty cents ($1,656,061.50).

62. GNU is entitled to any additional monies paid to the surety to complete the PROJECT as the PROJECT is not yet

complete and costs to be expended by CAROLINA CASUALTY of AMERICA are not entirely fixed.

63. GNU is entitled to attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

**WHEREFORE**, Plaintiff GRACE AND NAEEM UDDIN, INC., request judgment for damages of one million six hundred fifty six thousand sixty one dollars and fifty cents ($1,656,061.50) for wrongful termination, plus interest, as well as recovery of any additional monies paid to CAROLINA CASUALTY of AMERICA resulting from the additional project costs. Moreover, GRACE AND NAEEM UDDIN, INC., seeks legal costs and attorney's fees and such other relief as this Court deems equitable and just.

Respectfully submitted,

s/ David R. Elder
Attorney for Plaintiff
DAVID R. ELDER
Elder & Lewis, P.A.
Bayview Executive Plaza, Suite 301
3225 Aviation Avenue
Coconut Grove, FLA 33133
Tel: (786) 314-5155
Fax: (503) 314-5811

**CERTIFICATE OF FILING**

I hereby certify that on May 7, 2008 a copy of the foregoing "AMENDED COMPLAINT" was filed electronically as Exhibit "A" to the Motion for Leave to Amend Complaint. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David R. Elder
Attorney for Plaintiff
DAVID R. ELDER
USCFC BAR NO Application Pending
FLA. BAR NO. 272442
Elder & Lewis, P.A.
Bayview Executive Plaza, Suite 301
3225 Aviation Avenue
Coconut Grove, FLA 33133
Tel: (786) 314-5155
Fax: (503) 314-5811