# In the United States Court of Federal Claims

No. 06-345C
(Filed: May 15, 2008)

* * * * * * * * * * * * * * * * * * * * * * *
GRACE AND NAEEM UDDIN, INC.,

Plaintiffs,

v.

UNITED STATES,

*Defendant*.
* * * * * * * * * * * * * * * * * * * * * * *

## ORDER

Pending is plaintiff's Motion to Utilize Deposition in Case No. 07-21936-CIV-Seitz. The government correctly points out that the caption of the motion does not accurately reflect the relief plaintiff seeks. The motion seeks an order compelling government counsel in this proceeding to conduct joint depositions with plaintiff's counsel in an unrelated case currently pending in the United States District Court for the Southern District of Florida, *Grace and Naeem Uddin, Inc. v. Jacobs Facilities, Inc*., No. 07-21936. The gist of the motion is that the issues raised in the present action will overlap with those of the action plaintiff currently has pending in district court against its subcontractor on the same contract that is the subject of this litigation. Plaintiff points out that many of the same witnesses will be deposed in both proceedings and that it will be more economical for plaintiff to combine the depositions. Plaintiff consequently seeks an order directing defendant to allow counsel for Jacobs Facilities to attend and defend depositions it has noticed in this proceeding so that they can be used both in this court and in district court.

We sympathize with plaintiff's interest in limiting the number of depositions. And we assume that the factual predicate to the motion is correct: the same witnesses will probably be deposed, and they will be asked questions relevant to both proceedings. We decline to grant the motion, however.

The most basic reason is that a notice of deposition (to government employees or former employees in this case) can only operate in a particular

case. The notices issued under this docket number, in other words, are ineffective in the district court litigation. Rules 26 and 30 of the Rules of the United States Court of Federal Claims assume that limitation. The lines between the two cases cannot be ignored simply for convenience. Jacobs is a non-party and has no right to appear in this proceeding.

Contrary to plaintiff's suggestion, we do not believe the court has inherent powers under more general rules, such as Rule 1 ("These rules shall be construed and administered to secure the just, speedy, and inexpensive determination of every action") or Rule 83(b) ("[a] judge may regulate practice in any manner consistent with federal law or rules adopted under 28 U.S.C. § 2072 or 2503(b)"). The cited provisions do not provide grounds for circumventing the distinction.

The government suggests some practical reasons for maintaining the separation. As it points out, the district court action sounds in tort; the action here in contract. The issues are related but different. Moreover, as defendant correctly points out, regulations unique to Department of Agriculture employees place some restrictions on their testimony in third party litigation. *See* 7 C.F.R. §§ 1.210–219 (2007).

In sum, the district court is in a position to decide whether depositions initiated in this litigation can be admitted or otherwise used under either Fed. R. Civ. P. 32 or under the Rules of Evidence. Failing that, the parties to the district court litigation must notice depositions in that proceeding. Accordingly, plaintiff's motion is denied.

s/Eric G. Bruggink
ERIC G. BRUGGINK
Judge