MONITOR
Surety Managers, Inc.

383 Main Street
Suite 202
Chatham, NJ 07928
Telephone: 973-635-2400
Facsimile: 973-635-1362

August 10, 2005

USDA
Administrative and Financial Management
5601 Sunnyside Avenue
Beltsville, MD 20705-5100
Attn: Joan M. Baker, Contracting Officer

| | | |
|---|---|---|
| Re: | Bond No.: | 089013 |
| | Principal: | Grace & Naeem Uddin Inc. |
| | Obligee: | US Department of Agriculture |
| | Project: | Contract #50-3K15-3-3600 Construction of the subtropical Horticulture Research Center Laboratory Facility |

Dear Ms. Baker:

This is to acknowledge receipt of your August 8, 2005 letter, received on August 9, 2005 advising us that "the USDA intends to proceed with the termination and invoke the bond and is in the process in providing documentation to Monitor Surety managers, Inc. as requested in your letter of July 25, 2005".

In accordance with your request, we spoke on August 9, 2005. At that time, we informed you that we will be conducting an investigation into the default and project status through the use of a construction consultant. Please be advised that we have retained Bob Golden of Surety and Construction Consultants. Mr. Golden's address and telephone number is as follows:

5444 Bay Center Drive, Suite 224
Tampa, FL 33609
Tel. no.: 813-289-3621
Fax no.: 813-289-3622
Email: bob.golden@suretyconsultants.com

DEFENDANT'S EXHIBIT F
ALL-STATE LEGAL

We suggest that you forward the documents in our letter of July 25, 2005 directly to Mr. Golden. Due to scheduling conflicts, Mr. Golden is not available to visit the job site until August 19, 2005. He can be there at 8 a.m. During the interval, Mr. Golden will be reviewing the project documents provided by you. Please confirm if the date and time of the job site visit is convenient for your local representative.

We appreciate, as expressed in our August 9, 2005 telephone conversation that the USDA requires that the construction on the project resume without undue delay. To that end, and without getting into the rights and wrongs of the field personnels' conduct, the most

expeditious way to achieve prompt completion of the project would be to permit our Principal to resume work on the project. You indicated in our telephone conversation that the point-by-point position of our Principal as expressed by its attorney by his letter of July 27, 2005 was not taken into consideration in the decision to proceed with the termination. We understand you will be responding to that letter. Again, we urge you to give full weight and consideration to our Principal's position.

If you are not so inclined to rescind the termination, we, without even conducting an investigation of the matter would be willing to arrange for our construction consultant to supervise and coordinate the completion of the project through our Principal. This would avoid the project being delayed and allow a neutral party to interface between the onsite representatives of the USDA and the contractor. We believe this would go along ways to defusing the prior impediments to a constructive working relationship between the two, and achieve the most timely completion of the completion.

We shall be looking forward to hearing from you.

Very truly yours,

MONITOR SURETY MANAGERS, INC.

By:
Troward G. Wells, Jr.
Surety Claim Attorney

Bcc: Grace & Naeem [illegible]ain, Inc.
David R. Elder, Esq.