# GENERAL INDEMNITY AGREEMENT

KNOW ALL MEN BY THESE PRESENTS that whereas the undersigned, hereinafter called Indemnitors, have requested and do hereby request CAROLINA CASUALTY INSURANCE COMPANY, hereinafter referred to as Surety, to execute or procure the execution of bonds, undertakings or recognizances (all of which are hereinafter included within the term "Bond or Bonds") as have been and such as may hereafter be applied for directly or through an agent, attorney or other representative or required, solely or as co- with others, by any of the Indemnitors or by any person, firm, corporation or association whose name shall, for that purpose, have been furnished to the Surety by any of the Indemnitors, it being understood and agreed that this instrument shall cover all Bonds so applied for and executed, whether or not this instrument is referred to or mentioned in connection therewith; and, whereas, the undersigned understand that the Surety expressly requires the delivery of this Indemnity Agreement as part of the consideration for the execution by the Surety of such Bonds, or for the refraining from canceling said Bonds;

NOW THEREFORE, in consideration of the premises and of the execution or continuance of such Bonds, the Indemnitors for themselves, their heirs, executors, administrators, successors and assigns, do hereby jointly and severally covenant and agree with the Surety, its successors and assigns, as follows:

1. The Indemnitors will pay, when due, all premiums for each of such Bonds in accordance with the Surety's rates in effect on the date such Bond becomes effective, as long as liability thereunder shall continue, and until the Surety is furnished with evidence satisfactory to the Surety of its discharge or release from the bonds, or of all liability by reason thereof.

2. The indemnitors will exonerate, indemnify, and hold harmless the Surety against any and all claims, demands, liability, loss, cost, damages, fees of attorneys, accountants and consultants, and other expenses which the Surety may sustain or incur by reason of, or in consequence of the execution of such Bonds and any renewal, continuation or successor thereof, including but not limited to sums paid or liabilities incurred in settlement of and expenses paid or incurred in connection with claims, suits or judgments under such Bonds, expenses paid or incurred in enforcing the terms hereof, in procuring or attempting to procure release from liability, or in recovering or attempting to recover losses or expenses paid or incurred, as aforesaid. The Indemnitors will exonerate, indemnify and hold harmless the Surety against any and all claims, demands, liability, loss, damages, fees of attorneys, and other expenses which the Surety may sustain or incur by reasons of or in consequence of reliance upon representations made by the Indemnitors regarding defenses available to Principal and/or Surety to claims made against any such Bonds.

3. To further protect, exonerate and save harmless the Surety, Indemnitors shall pay over to the Surety, its successors and assigns, all sums of money which the Surety shall pay or cause to be paid or may be liable to pay by reason of its execution of such bond or other obligations, or on account of any demands, claims, liabilities, damages, costs, charges and expenses of whatever kind or nature in connection therewith; such payment to be made to the Surety as soon as Surety notifies Indemnitor to deposit such funds with Surety, whether or not the surety shall have paid out such sum or any part thereof or not, and Surety is hereby authorized to use such funds, or any part thereof, in payment or settlement of any such demand, claim, liability, loss, charges, costs and expenses or other obligations Indemnitors may be liable to Surety under the terms of this Agreement. Surety shall have no obligation to invest or otherwise provide interest on such funds paid to Surety by Indemnitor and Surety may commingle the funds with other funds of the Surety. Surety may apply any unused funds as collateral security to any other bond or obligation of the Indemnitor under this agreement.

4. If any such Bond be given in connection with a contract, the Surety in its sole discretion and interest is hereby authorized, but not required, (a) to consent to any change in the contract, its price, or in the plans and specifications relating thereto; (b) to make or guarantee advances or loans for the purposes of the contract without any obligation to see to the application thereof, it being understood that the amount of all such advances or loans shall be conclusively presumed to be a loss hereunder for which the Indemnitors are liable; (c)(i) in the event of any alleged, declared or actual default in the performance of the contract, (ii) or the breach of this Agreement or of any Bond connected therewith, (iii) or the alleged or actual failure to diligently prosecute the work under any contract, (iv) or any failure, delay or inability to pay for labor and material or other indebtedness incurred in connection with the prosecution of the contract, (v) or in the event work has ceased or been suspended on any contract or contracts covered by any said Bonds, (vi) or in the sole opinion of the Surety, the contract funds to be paid are insufficient to pay for the cost of performing the contract: to take possession of the work under the contract and at the expense of the Indemnitors, to complete the contract or cause the same to be completed or to consent to the completion of it, and to take any other action which the Surety may deem expedient including but not limited to a monetary settlement with the Obligee to the Bond. The Surety is authorized to take possession of the work pursuant to subparagraph (c) notwithstanding that an Indemnitor may dispute such default or failure, and in the event that the Surety takes possession of the work as above provided, the Indemnitors hereby release and discharge the Surety, in this connection, from all liability for its actions and omissions.

5. The Indemnitors hereby assign, transfer, pledge and convey to the Surety (effective as of the date of each such Bond, but only in the event of default, breach or failure as referred to in preceding Paragraph 4), as collateral security, to secure the obligations hereunder and any other indebtedness and liabilities of the Indemnitors to the Surety, all of their rights under the contracts referred to in such Bond, including their right, title and interest in and to: (1) all subcontracts and Purchase Orders let in connection therewith and such subcontractors' or suppliers' Surety Bonds; (2) all machinery, plant, equipment, tools and materials which shall be upon the site or sites of the work or elsewhere for the purposes of the contracts, including all materials ordered for the contract; (3) any and all sums due or to become due on such contracts, and on all other contracts, bonded or unbonded, in which any or all of the Indemnitors have an interest; and (4) any and all claims and other sums due or to become due on any policy of insurance covering a loss arising out of a contract bonded by Surety ; (5) all actions, causes of actions, claims and demands whatsoever which the Principal may have in anyway arising out of or relating to such Bond, or contract covered by such Bond.

6. The Surety may at its option file or record this Agreement or any other document executed by any or all of the Indemnitors individually or jointly, in connection with application, issuance or execution of any Bond or Bonds, as a Security Agreement or as part of a financing statement or as notice of its prior interest and assignment under the provisions of the Uniform Commercial Code or any other statute or regulation of any jurisdiction or agency, but that the filing or recording of such document shall be solely at the option of the Surety and that the failure to do so shall not release or impair any of the obligations of the Indemnitors under this Agreement nor diminish any other legal or equitable rights of the Surety. Any copy of this Agreement certified by the Surety to be a true and accurate copy shall be deemed an original for purposes of filing as a financing statement.

7. The Indemnitors agree and hereby expressly declare that all funds due or to become due under any contract covered by a Bond are Trust Funds, whether in the possession of an Indemnitor or another, for the benefit and payment of all persons to whom the Principal incurs obligations in the performance of such contract for which the Surety would be liable under the Bond and for the benefit of Surety for any liability or loss it may sustain or incur by reason of or in consequence of the execution of such Bonds. Upon notice from the Surety to an Obligee, Indemnitors hereby authorize and direct the Obligee of any such bond to pay to the Surety any and all Funds due or to become due on any contract bonded by Surety, and upon payment of such funds the Obligee is released and discharged from any and all liability to Indemnitors in connection with the payment.

ALL-STATE LEGAL DEFENDANT'S EXHIBIT H

The Indemnitors agree and hereby expressly declare that title to all materials and supplies specially ordered or fabricated for any contract covered by the Bond shall be held in trust for the benefit of the owner of the improvement being constructed, or the Surety, as their interests may appear, and that possession of such materials shall be subject to the direction of owner and Surety.

8. The Surety shall have the exclusive right in its name and/or the name of any Indemnitor to decide and determine whether any claim, liability, suit or judgment made or brought against the Surety or the Indemnitors or any one of them on any such Bond shall or shall not be paid, compromised, resisted, defended, tried or appealed, and the Surety's decision thereon, absent fraud, shall be final and binding upon the Indemnitors. An itemized statement of payments made by the Surety for any of the purposes specified herein, sworn to by an officer of the Surety, or the copies of the checks or drafts for such payments, shall be prima facie evidence of the liability of the Indemnitors to reimburse the Surety such amounts with interest from the date of payment.

9. The Indemnitors hereby authorize the Surety in its sole discretion to do the following: (a) make or consent to any change in, or issue any substitute for or renewal of, any such Bond, or in any contract referred to in any such bond, and this Instrument shall apply to such substituted or changed Bond or renewal; (b) if any such Bond be given in an action or proceeding in any court, to recognize any attorney of record in such action or proceeding for any party therein at the date of the execution of such Bond as the authorized representative of such party until the Surety shall have been fully discharged from liability under such Bond; (c) to take such other actions as the Surety may deem expedient to obtain release from liability from any such Bond.

10. The Indemnitors hereby agree that they shall at all times keep themselves intimately familiar with the financial condition of the Principal on any such bond, as well as the status of all projects bonded by the Surety. The Indemnitors hereby waive notice of the execution of any such Bond or of any act, fact or information coming to the notice or knowledge of the Surety concerning or affecting its rights or liabilities under such Bond or rights or liabilities of the Indemnitors hereunder, notice of all such being hereby expressly waived.

11. If the Surety shall procure any other company or companies to execute or join with it in executing, or to reinsure, any such Bond, this instrument shall inure to the benefit of such other company or companies, its or their successors and assigns, so as to give to it or them a direct right of action against the Indemnitors to enforce this instrument and, in that event, the word "Surety", wherever used herein, shall be deemed to include such company or companies, as their respective interests may appear.

12. The liability of the Indemnitors hereunder shall not be affected by the failure of any party to sign any such Bond, nor by the failure of a party to execute this Agreement; nor by any claim that other indemnity or security was to have been obtained, nor by the release of any indemnity or Indemnitor, nor the return or exchange of any collateral that may have been obtained; and if any party signing this instrument is not bound for any reason, this obligation shall still be binding upon each and every other party.

13. Separate suits may be brought on this Agreement against any or all of the undersigned and the bringing of a suit or the recovery of a judgment upon any cause of action shall not prejudice nor bar the bringing of other suits upon other causes of action whether theretofore or thereafter arising. This agreement shall be liberally construed so as to protect, exonerate and indemnify the Surety. The Indemnitors agree the construction, validity and performance of this Agreement shall be governed by and construed pursuant to the laws of the State of New York. The Indemnitors waive and subordinate all rights of indemnity, subrogation and contribution each may have against the other until all obligations to the Surety under this Agreement, at law or in equity, have been satisfied in full. The Surety is hereby expressly authorized to settle any claim based upon this Agreement with any one or more of the undersigned individually, and such settlement or compromise shall not affect the liability of any of the rest of the undersigned.

14. The Indemnitors waive any defense that this Instrument was executed subsequent to the date of any such Bond, admitting and covenanting that such Bond was executed pursuant to the Indemnitors' request and in reliance on the Indemnitors' promise to execute this instrument. In the event any part of this Indemnity Agreement shall be void under the law of the place governing the construction hereof, then such part only shall be considered as deleted and the remainder of this Agreement shall endure in full force and effect. The Surety shall have the right to fill in any blanks and to correct any errors in filling in any blanks pertaining to the execution of this Agreement. Wherever used in this instrument the plural term shall include the singular and the singular shall include the plural, as the circumstances require.

15. The Surety, at its option, may decline to execute or participate in or procure the execution of any such Bond. If the Surety shall execute a bid or proposal Bond, or any similar undertaking, it may nevertheless decline to execute any and all Bonds that may be required in connection with any award made on the bid or proposal for which the Bond or undertaking is given, and the Principal shall have the right to procure from another Surety any Bonds that may be required in connection with any award under the bid or proposal for which the Bond or undertaking is given.

16. Whereas, the Indemnitors have a substantial material and beneficial interest in the obtaining of said bonds on behalf of various related companies, it is, therefore, agreed that this Agreement shall apply to any bonds executed on behalf of any subsidiary, subsidiary of a subsidiary whether direct or indirect, affiliated company or partnership, joint venture or corporation of any Indemnitor, now existing or hereafter formed or acquired, and whether partially or wholly owned or controlled, as fully as if the names and signatures of such subsidiaries or affiliates appeared herein as Indemnitors.

17. The Indemnitors hereby irrevocably nominate, constitute, appoint and designate the Surety or its designee as their Attorney-in-Fact with the right, but not the obligation, to exercise all of the rights of Indemnitors or any of them to make, execute and deliver any and all additional or other assignments, documents or papers, including but not limited to the execution of instruments referred to in Paragraph 5, and the endorsement of checks or other instruments representing payment of contract monies, deemed necessary and proper by the Surety in order to give full effect not only to the intent and meaning of the within assignments, but also to the full protection intended to be herein given to the Surety under all other provisions of this Agreement. The Indemnitors hereby ratify and affirm all acts and actions taken and done by the Surety or its designee as such Attorney-in-Fact.

18. The Indemnitors hereby waive and abandon, so far as their respective obligations under this Agreement are concerned, all rights to claim any property, including the respective homesteads, as exempt from levy, execution, sale or other legal process under the laws of any state, territory or possession.

19. The obligations of the Indemnitors hereunder shall be continuous; provided, however, that any one of the Indemnitors may give the Surety not less than 30 days written notice (effective only after receipt) by registered mail of his desire to terminate his future liability under this Agreement but any such notice of termination shall not operate, modify, bar, discharge, limit, affect, or impair his liability hereunder on or by reason of any such Bond executed prior to the expiration of such 30 days nor shall termination affect or impair the continuing liability of any other Indemnitor.

20. The Indemnitors shall furnish to the Surety such information as it may request from time to time concerning the financial condition of the Indemnitors, the status of work under any contract covered by a Bond, the condition of the performance of any such contract, and the payment of obligations incurred in connection therewith. The Surety may at reasonable times and places and from time to time, examine and copy the books, records and accounts of the Indemnitors. The Indemnitors will immediately notify Surety of

any event which may adversely affect the financial condition of Indemnitors, the ownership or control of an Indemnitor, or may subject Surety to liability, loss, damages, fees of attorneys or other expenses by reason or in consequence of such Bonds.

The Surety is hereby authorized to obtain information concerning the affairs and operations of the Indemnitors and any transaction between or among the Indemnitors from any banks, depositories, obligees of the Bond, subcontractors, materialmen, supply houses, credit reporting agencies, other Sureties or other persons, all of whom are hereby expressly authorized to furnish such information to the ty.

21. If any proceeding is brought against the Surety in which the Surety desires to join any one of the Indemnitors by reasons of the undertakings in this Agreement, each of the Indemnitors agrees that he will, upon written notice of the Surety to do so, voluntarily appear in such proceedings and accept service of process and other papers either personally or by an attorney of the undersigned's choice. If any of the undersigned fails upon such notice from the Surety to appear, such undersigned hereby designates the Secretary of the State or Territory in which proceedings are pending as his agent for the service of process in any such proceedings.

With respect to such action brought by the Surety on this Agreement in a jurisdiction in which one or more of the undersigned reside, are domiciled, are doing business or are found, each of the undersigned who are not in the jurisdiction hereby designates each of the undersigned in such jurisdiction as his agent to receive on his behalf service of process in such action. Notice to or service of process on Indemnitors may also be made by certified mail to the address set forth below or to any change of address which Indemnitors shall have given by written notice to Surety

22. This writing constitutes the entirety of the Agreement between Indemnitors and Surety regarding the execution of Bonds, handling of claims against such Bonds, and their respective obligations and duties to each other. It may not be added to, changed, or modified orally. No waiver, addition, change or modification shall be effective unless specifically agreed to in writing.

IN TESTIMONY WHEREOF, the Indemnitors, intending to be legally bound hereby, have hereunder set their hands and affixed their seals this 11th day of March, 2003.

Grace & Naeem Uddin, Inc. [Seal]
Name of Corporation/Partnership
By: [signature]
Graciela Uddin, President
Type or Print Name and Title
Address: 5532 NW 72nd Ave
Miami, Fl. 33166
Witness or Attest [signature]
Signature

[Seal]
Name of Corporation/Partnership
By:
Type or Print Name and Title
Address:
Witness or Attest
Signature

[Seal]
Name of Corporation/Partnership
By:
Type or Print Name and Title
Address:
Witness or Attest
Signature

[Seal]
Name of Corporation/Partnership
By:
Type or Print Name and Title
Address:
Witness or Attest
Signature

[signature]
Signature - Individually
Graciela Uddin - 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
Type or Print Name and Social Security Number
Address: 14421 Arlington Place
Davie, FL 33325

[signature]
Signature - Individually
Naeem Uddin - 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
Type or Print Name and Social Security Number
Address: 14421 Arlington Place
Davie, Fl. 33325

Signature - Individually
Type or Print Name and Social Security Number
Address:

Signature - Individually
Type or Print Name and Social Security Number
Address:

# CORPORATE ACKNOWLEDGMENT

STATE OF Florida } ss.:
COUNTY OF Miami-Dade

On this 11th day of March, 2003, before me personally appeared Graciela Uddin, to me known to be the President of Grace & Naeem Uddin, Inc. the corporation executing the above instrument, and acknowledged said instrument to be the free and voluntary act and deed of said corporation, for the uses and purposes therein mentioned and on oath stated that the seal affixed is the seal of said corporation and that it was affixed and that said instrument was executed by order of the Board of Directors of said corporation.

Thin Donovan
Notary Public
Commission # CC 979252
(Commission expires Expires Dec. 1, 2004
Bonded Thru
Atlantic Bonding Co., Inc.

STATE OF } ss.:
COUNTY OF

On this ______ day of ______, before me personally appeared ______ to me known to be the ______ of ______ the corporation executing the above instrument, and acknowledged said instrument to be the free and voluntary act and deed of said corporation, for the uses and purposes therein mentioned and on oath stated that the seal affixed is the seal of said corporation and that it was affixed and that said instrument was executed by order of the Board of Directors of said corporation.

Notary Public

(Commission expires ______ )

STATE OF } ss.:
COUNTY OF

On this ______ day of ______, before me personally appeared ______ to me known to be the ______ of ______ the corporation executing the above instrument, and acknowledged said instrument to be the free and voluntary act and deed of said corporation, for the uses and purposes therein mentioned and on oath stated that the seal affixed is the seal of said corporation and that it was affixed and that said instrument was executed by order of the Board of Directors of said corporation

Notary Public

(Commission expires ______ )

STATE OF } ss.:
COUNTY OF

On this ______ day of ______, before me personally appeared ______ to me known to be the ______ of ______ the corporation executing the above instrument, and acknowledged said instrument to be the free and voluntary act and deed of said corporation, for the uses and purposes therein mentioned and on oath stated that the seal affixed is the seal of said corporation and that it was affixed and that said instrument was executed by order of the Board of Directors of said corporation.

Notary Public

(Commission expires ______ )

# INDIVIDUAL ACKNOWLEDGMENT

STATE OF Florida } ss.:
COUNTY OF Miami-Dade

On this 11th day of March, 2003, before me personally appeared Graciela Uddin, to me known and known to me to be the individual(s) described in and who executed the foregoing agreement and acknowledged that the execution of the same was for the purposes, considerations and uses therein set forth as a free and voluntary act and deed..

Notary Public
Thin Donovan
(Commission expires Commission # CC 979252
Expires Dec. 1, 2004
Bonded Thru
Atlantic Bonding Co., Inc.

STATE OF Florida } ss.:
COUNTY OF Miami-Dade

On this 11th day of March, 2003, before me personally appeared Naeem Uddin to me known and known to me to be the individual(s) described in and who executed the foregoing agreement and acknowledged that the execution of the same was for the purposes, considerations and uses therein set forth as a free and voluntary act and deed..

Notary Public Thin Donovan
(Commission expires Commission # CC 979252
Expires Dec. 1, 2004
Bonded Thru
Atlantic Bonding Co., Inc.

STATE OF } ss.:
COUNTY OF

On this ______ day of ______, before me personally appeared ______ to me known and known to me to be the individual(s) described in and who executed the foregoing agreement and acknowledged that the execution of the same was for the purposes, considerations and uses therein set forth as a free and voluntary act and deed..

Notary Public

(Commission expires ______ )

STATE OF } ss.:
COUNTY OF

On this ______ day of ______, before me personally appeared ______ to me known and known to me to be the individual(s) described in and who executed the foregoing agreement and acknowledged that the execution of the same was for the purposes, considerations and uses therein set forth as a free and voluntary act and deed

Notary Public

(Commission expires ______ )