IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GRACE AND NAEEM UDDIN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-345C |
| v. | ) | (Senior Judge Bruggink) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER TO AMENDED COMPLAINT

For its answer to the amended complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3. The allegations contained in paragraph 3 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. Denies the allegations contained in paragraph 4 for lack of information or knowledge sufficient to form a belief as to their truth.

5. Denies the allegations contained in paragraph 5 for lack of information or knowledge sufficient to form a belief as to their truth.

6. The allegations contained in paragraph 6 constitute conclusions of law to which

no answer is required; to the extent they may be deemed allegations of fact, they are denied.

7. The allegations contained in paragraph 7 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

8. Denies the allegations contained in paragraph 8 for lack of information or knowledge sufficient to form a belief as to their truth.

9. Defendant hereby incorporates its answers to paragraphs 1-8 of the amended complaint.

10. Admits the allegations contained in paragraph 10 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 10.

11. Admits the allegation contained in the first sentence of paragraph 11 that defendant administered the contract pursuant to the Federal Acquisition Regulation ("FAR"); otherwise denies the allegations contained in the first sentence of paragraph 11. Admits the allegation contained in the second sentence that defendant possesses a copy of the FAR; otherwise denies the allegations contained in the second sentence of paragraph 11. Defendant avers that the FAR is publicly available.

12. Admits the allegations contained in the first sentence of paragraph 12 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 12. Admits the allegations contained in the second sentence of paragraph 12 that defendant possesses a copy of the contract plans and specifications; otherwise denies the allegations contained in the second sentence of paragraph 12.

13. Denies.

14. Admits the allegation contained in paragraph 14 that GNU raised issues relating to the plans and specifications in a meeting with the USDA and Jacobs Facilities, Inc., the Project Architect; otherwise denies the allegations contained in paragraph 14.

15. Denies.

16. Denies. Defendant avers that GNU was required to hire a window system consultant pursuant to the contract specification requirements.

17. Admits.

18. Denies. Defendant avers that the contract required GNU to seek approval from Miami-Dade County for the selected window system.

19. Denies.

20. Denies.

21. Denies.

22. Denies.

23. Admits the allegations contained in the first sentence of paragraph 23 to the extent supported by the request cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 23. Admits the allegations contained in the second sentence of paragraph 23.

24. Admits.

25. Admits the allegations contained in the first sentence of paragraph 25 that USDA responded to GNU's change request on or about April 29, 2005; otherwise, denies the allegations contained in the first sentence of paragraph 25. Admits the allegations contained in the second

and third sentences of paragraph 25.

26. Denies.

27. Denies.

28. Denies.

29. Denies.

30. Denies.

31. Denies.

32. Admits the allegations contained in paragraph 32 that the plans and specifications did not specify how GNU was to supply power to the lift stations; otherwise, denies the remaining allegations contained in paragraph 32.

33. Denies.

34. Denies.

35. Denies.

36. Admits the allegation contained in paragraph 36 that GNU requested 496 days; otherwise, denies the allegations in paragraph 36.

37. The allegations contained in paragraph 8 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

38. Denies.

39. Admits the allegation contained in paragraph 39 that the contracting officer terminated GNU from the project on or about August 2, 2005; otherwise, denies the allegations contained in paragraph 39.

40. Denies.

41. Denies.

42. Denies.

43. Admits the allegations contained in paragraph 43 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 43.

44. Admits the allegation contained in paragraph 44 that the USDA proceeded with the termination; otherwise, denies the allegations in paragraph 44.

45. Denies.

46. Denies.

47. Admits the allegations contained in the first sentence of paragraph 47 to the extent supported by the agreement cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 47. Denies the allegations contained in the second and third sentence of paragraph 47. Defendant avers that a signed copy of the takeover agreement is the best evidence of its contents and has been previously provided to plaintiff.

48. The allegations contained in the first sentence of paragraph 48 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 48 for lack of information or knowledge sufficient to form a belief as to their truth.

49. Admits.

50. Admits.

51. Admits.

52. Denies the allegations contained in paragraph 52 for lack of information or knowledge sufficient to form a belief as to their truth.

53. Denies.

54. Denies.

55. The allegations contained in paragraph 55 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

56. The allegations contained in paragraph 56 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

57. Admits the allegations contained in the first sentence of paragraph 57 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 57. Admits the allegation contained in the second sentence of paragraph 57.

58. Denies the allegation that GNU is entitled to monetary damages; denies the remaining allegations contained in paragraph 58 for lack of information or knowledge sufficient to form a belief as to their truth.

59. The allegations contained in paragraph 59 constitute conclusions of law to which no answer is required; to the they may be deemed allegations of fact, they are denied.

60. Admits.

61. The allegations contained in paragraph 61 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

62. The allegations contained in paragraph 62 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

63. The allegations contained in paragraph 63 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

64. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 63, or to any relief whatsoever.

65. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

s/Armando A. Rodriguez-Feo
ARMANDO A. RODRIGUEZ-FEO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-3390
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

Mark G. Garrett
United States Department of Agriculture
Attorney-Advisor
14th and Independence Avenue, S.W.
Washington, D.C. 20250-1415

July 7, 2008

CERTIFICATE OF FILING

I hereby certify that on this 7th day of July, 2008, a copy of the foregoing "DEFENDANT'S ANSWER TO AMENDED COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/Armando Rodriguez-Feo